In the Matter of the Claim of HENRIETTA MOHR, Appellant, against WIEBUSCH & HILGER, LTD., Employer, and EMPLOYERS' LIABILITY ASSURANCE CORP., LTD., Insurance Carrier, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, June 25, 1936.

*Charles Landesman* [*Milton Gould* of counsel], for the appellant.

*Charles P. Barre,* for the employer and insurance carrier, respondents.

*John J. Bennett, Jr., Attorney-General,* for the State Industrial Board, respondent.

HILL, P. J.  Claimant, a widow, appeals from a decision of the Board denying deficiency compensation.  On May 7, 1920, she recovered $5,200 from a third party whose negligence caused the death of her husband.  The weekly payments to which she would have been entitled under the Workmen's Compensation Law had absorbed the amount of the settlement prior to the hearing and decision herein.  The Board decided: " The claimant herein is not and will not be entitled to any deficiency compensation." The reason assigned in the findings for this conclusion is: " An actuarial computation of the compensation for death benefits the said Henrietta Mohr, claimant, would be entitled to had she elected to take compensation and the same had been awarded and paid to her as of May 7, 1920, indicates that the actuarial value of such compensation is the sum of $4,784.19.  *  *  *  In making the said actuarial computation the factors of mortality, remarriage and interest credit at the rate of $3\frac{1}{2}$ percentum were used in the calculation in conformity with the rules governing actuarial procedure in computing lump sum settlements and pursuant to law.  *  *  *  The actuarial computation of compensation as aforesaid indicates that Henrietta Mohr, claimant

herein, is not nor will not during her lifetime be entitled to any deficiency compensation between the amount of her share in the third party recovery and the compensation provided by the Workmen's Compensation Law to which she may be entitled to, since the sum of $5,200.00 recovered by her in the said third party action herein is in excess of the present actuarial value of the compensation she would be entitled to had she elected to take compensation and the same had been awarded her and paid as of May 7, 1920." The other findings made would sustain an award, except for the above ruling. Justification for this actuarial computation is furnished by the Board's rule 34. It reads: " In making any computation involving a recovery by a claimant from a third party under Section 29, the actuary shall treat the amount so recovered as though it were a lump sum settlement resulting from an award by the Industrial Board or its authorized representative." The Board makes rules under the following statutory authority. " The Board may adopt reasonable rules consistent with and supplemental to the provisions of this chapter and the Labor Law." (Workmen's Compensation Law, § 117.) The statute allowing deficiency compensation after the amount of a settlement has been absorbed provides that if a claimant " elect to proceed against such other [the negligent third party] the State insurance fund, person, association, corporation, or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided *or estimated by this chapter* for such case." (Workmen's Compensation Law, § 29.) The Board finds justification in the words " estimated by this chapter " to make rule 34 and to commute and determine actuarially the amount which would have been paid to this claimant as a lump sum on May 7, 1920, if she had elected to take compensation rather than to bring the third party action.

The claimant has the right to receive as deficiency compensation the difference " between the amount of recovery against such other person actually collected, [here $5,200] and the compensation *provided* or *estimated* by this chapter for such case." The statute *provides* that so long as disability continues a definite and stated portion of the wages shall be paid. There is no act of estimation in connection therewith. Under different circumstances like a schedule loss it is *estimated* that a definite number of weeks will compensate for the loss of a member. These estimations range from 15 weeks for a fourth finger to 312 weeks for an arm. (Workmen's Compensation Law, § 15, subd. 3.) Numerous other instances where the statute estimates the compensation might be enumerated.

To hold that in the case of a third party settlement the word "estimated" gives authority to the Board to determine the periodical payments which would be made if there had been no settlement, then to commute these actuarially to a lump sum, and offset it against the settlement, disregards the plain import of the word as used in the statute. Had the Legislature intended a procedure so extensive and involved, more definite direction would have been given. This is indicated by section 27 and the new amendment to section 29 (Laws of 1935, chap. 328) as well as other parts of the act. Rule 34 is not consistent with the provisions of the law. The Board only may commute periodical payments when the computation "shall be in the interests of justice." (Workmen's Compensation Law, § 25.) This requires individual consideration of the circumstances connected with each case. Commutation should not be the subject of automatic or machine action. The making of the rule was an *ultra vires* act by the Board.

The award and decision should be reversed and the matter remitted to the Board for a deficiency award in accordance with the statute and this opinion.

RHODES, McNAMEE, BLISS and HEFFERNAN, JJ., concur.

Award and decision reversed, with costs to the claimant against the employer and the insurance carrier, and matter remitted to the State Industrial Board for an award in accordance with opinion.