In the Matter of the Claim of ANNA VOELKER, Respondent, against
Jos. ROSENBERG'S SONS, Employer, and Another, Appellants.
STATE INDUSTRIAL BOARD, Respondent.

Third Department May 5, 1937.

*William E. Lowther* [*Jeremiah F. Connor* of counsel], for the
appellants.

*R. H. Wright,* for the claimant-respondent.

*John J. Bennett, Jr., Attorney-General* [*Leon Freedman, Assistant
Attorney-General,* of counsel], for the respondent, State Industrial
Board.

RHODES, J.   The appeal involves the authority of the Board to
order an immediate commutation of the award to claimant; the
appeal also involves the question as to the correctness of the
commuted award.

The claimant, widow of the deceased employee, filed notice of
election to sue a third party; thereafter the claim against the

third party was settled, the widow receiving for her share the sum of $3,166.67.

The Board has determined that she is entitled to death benefits at the rate of $10.386 per week, and the amount which she received from a third party pays said compensation to January 21, 1940, the employer being liable for the payment of installments of compensation thereafter accruing.

The Board determined that the present value of said award is $6,693.68 as of May 12, 1936, assuming that the widow received the payment from the third party as of December 17, 1935. The appellants construe this determination as implying that the payment is to be paid forthwith to the Special Fund known as the Aggregate Trust Fund, which is a part of the State Fund, and assert that the commuted amount should not be required to be paid into such Special Fund until January 21, 1940. Section 27 of the Workmen's Compensation Law, however, is in part as follows: " If an award under this chapter requires payment of death benefits or other compensation by an insurance carrier or employer in periodical payments, the Board may, in its discretion, *at any time*, any provision of this chapter to the contrary notwithstanding, compute and permit or require to be paid into the State Fund an amount equal to the present value of all unpaid death benefits."

We think the Board had authority to commute the award and to order its payment into the particular Special Fund at any time.

The appellants further claim that even if the commutation was authorized at the present time, the amount thereof is incorrect in that it fails to take into consideration the fact that installments of compensation payable by the employer are not due until January 21, 1940. They point out that the amount paid into the Special Fund, known as the Aggregate Trust Fund, at this time will earn interest until January 21, 1940, and that the amount, if paid in at this time, should be correspondingly less than the amount if paid in on January 21, 1940.

While it does not clearly appear from the actuarial statement contained in the record, we nevertheless assume that this factor of interest to January 21, 1940, was taken into consideration in the computation because elements mentioned by the actuary are the date when claimant received her lump sum settlement, the date when installments of compensation will be due from the employer, the age of the widow and the amount of the weekly installments of compensation.

We agree that if the commuted amount is immediately to be paid into the Special Fund, known as the Aggregate Trust Fund,

such payment should be less than the amount which would be required if it were paid into the fund on January 21, 1940, the difference representing the amount of interest which the payment now made would earn between now and then.

On the assumption that all these factors have been properly considered actuarily, the award of the Board is proper. The appellants having asserted error, have thus assumed the burden of establishing the affirmative of the issue. This burden they have not met.

The award should be affirmed, with costs to the State Industrial Board.

McNAMEE and HEFFERNAN, JJ., concur; HILL, P. J., and CRAPSER, J., dissent, and vote to reverse the award and to remit the claim to the Board, with a memorandum by HILL, P. J., in which CRAPSER, J., concurs.

HILL, P. J. (dissenting). An immediate commutation of this award was proper. (Workmen's Comp. Law, § 27.) However, the employer and carrier were entitled to an opportunity to be heard as to the computation factors and methods used in making the commutation. The award originally was payable in the usual bi-weekly installments. The commutation vacated and modified that award. It was error to refuse the request for a hearing. (*Matter of Sperduto* v. *N. Y. C. Inter. R. Co.*, 226 N. Y. 73, 76; *Adams* v. *N. Y., O. & W. R. Co.*, 175 App. Div. 714; 220 N. Y. 579; *Surace* v. *Danna*, 248 id. 18, 23; *Mohr* v. *Wiebusch & Hilger, Ltd.*, 247 App. Div. 679, 682; affd., 272 N. Y. 655; *Brophy* v. *Prudential Ins. Co.*, 241 App. Div. 306; 246 id. 871; affd., 271 N. Y. 644.)

I vote to reverse and remit to afford opportunity for the hearing.

CRAPSER, J., concurs.

Award affirmed, with costs to the State Industrial Board.