In the Matter of the Claim of HEDWIG GOERL, Respondent, against CHARLES H. DARMSTADT, INC., and EXCHANGE MUTUAL INDEMNITY INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board, noticed on July 12, 1938, directing the payment of death benefits to the widow of deceased employee and the commutation of future payments into the Aggregate Trust Fund in compliance with section 27 of the Workmen's Compensation Law. The deceased employee was killed on September 9, 1932, and the award was made on July 12, 1938. The statutory provision requiring that future periodical death benefits be commuted and the present value thereof be paid into the Aggregate Trust Fund became a law in 1935. (Laws of 1935, chap. 255, effective March 27, 1935.) The sole question on this appeal is whether this statute is applicable inasmuch as the accident and death forming the basis of the award occurred before the enactment of the statute. Award affirmed, upon the authority of Matter of Voelker v. Rosenberg's Sons (251 App. Div. 50; affd., 275 N. Y. 565), with costs to the State Industrial Board. Hill, P. J., McNamee, Bliss and Heffernan, JJ., concur.

HELEN C. BARBER, Respondent, v. WESLEY PARKER and EVA PARKER, Appellants.— Appeal by the defendants from a judgment of the Supreme Court, entered in Clinton county clerk's office on April 18, 1938. The complaint alleged that the defendants unlawfully entered upon lands of plaintiff described therein, committed waste, and erected a building thereon. The answer denied plaintiff's ownership and alleged title in the defendants. After trial by the court without a jury, decision was made and filed, upon which a judgment was entered adjudging that title to said lands was in the plaintiff, awarding possession thereof to the plaintiff and permanently enjoining the defendants and their agents from entering or committing waste thereupon, and also awarding damages against the defendants in favor of the plaintiff. Upon request of the parties, the presiding justice visited the site with them and viewed the premises. There was a question whether the boundary lines of the lands in question were to be determined by measurements stated in the deeds, or whether those boundary lines should be determined by monuments described therein; and the trial court held that the monuments must prevail. We regard the conclusions reached by the trial court as justified by the evidence. Judgment unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.