⏐ In the Matter of the Claim of Beatrice Hobbs, Appellant, against Dairymen's League Co-operative Association, Inc., and Interboro Mutual Indemnity Insurance Company, Respondents. State Industrial Board, Respondent.— Appeal from a decision of the State Industrial Board which refused to deduct a proportionate share of an attorney's fee from claimant's share of the recovery in a third party action before determining the net amount of deficiency compensation payable and the date that payments should commence. It has been held that an attorney's fee may not be deducted from the recovery in a third party action in computing the deficiency which the insurance carrier must contribute... (*Matter of*

*Solomone* v. *Degnon Contracting Co.*, 194 App. Div. 50; *Matter of Kabel* v. *Lane Engineering Co.*, 196 id. 669; *Matter of Campbell* v. *Monteleone*, 243 id. 157; *Matter of Mundt* v. *Spencer & Son Contr. Corp.*, 250 id. 693; modfd., 276 N. Y. 677; *Matter of Mohr* v. *Wiebusch & Hilger*, 247 App. Div. 679; affd., 272 N. Y. 655.) However, the Legislature amended section 29 of the Workmen's Compensation Law by chapter 684 of the Laws of 1937, which became effective September 1, 1937, after the injury in this case. The carrier by that amendment is given a lien " on the proceeds of any recovery from such other (third party) whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery." It is hardly to be presumed that the Legislature would give a lien upon only a portion of the amount to which the lienor was entitled. Subdivision 4 of section 29 requires the carrier to " contribute only the deficiency, if any, between the amount of the recovery against such other person [third party] actually collected and the compensation provided * * *." The injured person, or the representative of a deceased person does not actually collect the amount of the attorneys' fees. Section 29 must now be read as a whole and in the light of the amendments of 1937. It was the clear intent of the Legislature by these amendments that a reasonable attorney's fee should be deducted from any recovery as a necessary expense in all instances, and that the expression " actually collected," as used in subdivision 4, must now be construed to mean the net amount collected after deduction of all reasonable and necessary expenses including attorneys' fees. Decision reversed, with costs to appellant against the employer and the insurance carrier, and claim remitted to the State Industrial Board. Hill, P. J., Bliss, Schenck and Foster, JJ., concur; Crapser, J., dissents, and votes to affirm.