## OCEAN S. S. CO. OF SAVANNAH v. LUMBERMENS MUTUAL CASUALTY CO. OF ILLINOIS et al.

District Court, S. D. New York.

May 29, 1941.

Keane & Reid, of New York City (Edward J. Keane and Herbert P. Reid, both of New York City, of counsel), for plaintiff.

James H. Brassel, of New York City, for Lumbermens Mutual Casualty Co. of Illinois and Bush Terminal Co.

Abraham M. Fisch, of New York City, for Patrick O'Connor.

BYERS, District Judge.

The plaintiff, as the employer of Patrick O'Connor, paid to him, between August 11, 1938, and March 14, 1940, $2,075 wages, and for him, $2,955.88 hospital charges, and medical and surgical services; the total is $5,030.88 and represents compensation payable as employer's liability to an injured employee.

This sum the plaintiff now seeks to recover from the insurance carrier of Bush Terminal Company, against which O'Con-

nor recovered a verdict for $20,000 on March 20, 1940, in a third-party action.

The plaintiff's cause is statutory, and arises from the provisions of Section 29 of the Workmen's Compensation Law of New York, Consol.Laws, c. 67, amended by Chapter 684 of Laws of 1937 to provide that the injured person need no longer elect between receiving statutory compensation and suing upon his cause of action against the tort-feasor, but may avail himself of both remedies; in case of his successful prosecution of his lawsuit, the agency paying the compensation "shall have a lien on the proceeds of any recovery from such other [the defendant in the lawsuit], whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid by it and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation or carrier".

The defendant Lumbermens Mutual Casualty Company, being liable for the said judgment recovered by O'Connor, is by this action sought to be enjoined from paying to him the said $5,030.88, and to be ordered to pay it to the plaintiff in satisfaction of the said statutory lien.

O'Connor has filed an answer, reciting his retention of Abraham M. Fisch as his attorney in the said lawsuit "to recover from said Company (Bush Terminal Company) the damage sustained by this defendant and including such amounts as were, and would be advanced by this plaintiff to or on behalf of this defendant, and by agreement of retainer, obligated himself to pay to the said" Fisch 40% of such recovery.

That this plaintiff cooperated in the preparation for and conduct of the trial, and assisted the said attorney to present proof of "so much of the damage sustained by this defendant (O'Connor) as had been contributed by this plaintiff".

O'Connor's answer urges that this plaintiff is required to pay Fisch's agreed fee as to the $5,030.88.

Decision is required only of that issue, since all questions as to the actual amounts paid to O'Connor and on his behalf for medical and surgical expenses have dis-

appeared from the case. The narrow question then is whether the plaintiff may have the full sum of $5,030.88 or only what is left after deducting O'Connor's attorney's fee therefrom, in which case the latter amount would go to Fisch.

It will be seen that, if the plaintiff's lien be adjudged at the full amount demanded, O'Connor will have paid $2,000 plus, or 40% thereof under his contingent agreement with his attorney, although he will receive but $15,000 in round figures, from which 40% of $20,000 will be deducted, or $8,000, leaving him but $7,000 out of a $20,000 directed verdict.

On the other hand, the plaintiff is shown to have expended $5,030.88 as to which it urges the statute intends complete reimbursement, since there is no provision in the law, that the lien is subject to depletion to an extent not contracted for by it, nor otherwise consented to.

In that connection, it should be said that the complaint in O'Connor's lawsuit was not offered at this trial, and consequently there is no proof that recovery was sought in terms for the benefit of this plaintiff to the extent of the outlays made by it.

It is clear that the plaintiff's payments to O'Connor were not tentative or contingent; they were absolute and unconditional and were made in obedience to the provisions of the Workmen's Compensation Law. Had O'Connor not elected to pursue his cause against the Bush Terminal Company, the plaintiff could have brought suit as assignee of the former, under Paragraph 2 of Section 29, and of course would have had to bear the legal expense in connection with that action; if the recovery had exceeded the amount of compensation and medical treatment, and reasonable and necessary expenses so incurred, two-thirds of such excess would have been payable to O'Connor.

It would seem that the plaintiff should occupy no more favorable position with respect to the recovery made for it by O'Connor, than if it had been forced itself to seek the remedy by direct action.

O'Connor's two-thirds of any excess would have been subject to the plaintiff's legal expenses, and the statutory scheme, viewed as a whole, would seem to require a like exaction of "the reasonable and necessary expenditures" incurred, before the recovery, which O'Connor secured for the plaintiff's benefit, can be ascertained.

Any other result would cast an unfair burden of expense upon the injured employee.

If this is true, the reasonable expense incurred by O'Connor, in securing reimbursement to the plaintiff for its mandatory outlay, must be ascertained before the amount of the "actual recovery" can be known.

This result is thought to be in harmony with Matter of Hobbs v. Dairymen's League Co-operative Assn. et al., 258 App. Div. 836, 15 N.Y.S.2d 694, 695.

In that case, the question was whether, in fixing the net amount of deficiency compensation payable where a third-party action had resulted in recovering damages for a less amount than the total sum payable as compensation, an attorney's fee should first be subtracted, so that the amount of the deficiency payable as compensation would be increased by the amount of that fee; and the Court, in deciding that this should be done, said: "It was the clear intent of the Legislature by these amendments that a reasonable attorney's fee should be deducted from any recovery as a necessary expense in all instances, and that the expression 'actually collected', as used in subdivision 4, must now be construed to mean the net amount collected after deduction of all reasonable and necessary expenses including attorneys' fees."

While the question there arose in a slightly different setting, it seems clear that, in principle, there is no distinction to be drawn between that case and this; and that, if this cause were to be presented to the same Court, the decision would be that the actual collection made by O'Connor would not be apparent until a reasonable and necessary expense of collection had first been charged against it.

The Hobbs decision is binding upon this Court under familiar principles, and the plaintiff's lien is to attach to the balance of $5,030.88 after a reasonable attorney's fee for securing it shall have been fixed.

As at present advised, I cannot say that 40% is reasonable, and if the parties cannot agree on a smaller percentage (25% is suggested) a finding will be made, in the light of whatever may be shown in briefs addressed to that subject, to be filed by June 9, 1941.

Settle findings in accord with the foregoing, leaving blank the amount of the

attorney's fee. When the findings have been made and filed, judgment for the plaintiff will be directed in accordance therewith.