In the Matter of the Claim of CATHERINE D. CURTIN, Respondent, against THE CITY OF NEW YORK, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Appeal by the City of New York, self-insured employer, from an award of the State Industrial Board, noticed on June 25, 1940.

The issue here presented was decided by this court in *Matter of Hobbs* v. *Dairymen's League Co-operative Association, Inc.* (258 App. Div. 836).

Award affirmed, with costs.

Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Foster, J., dissents, in an opinion.

FOSTER, J. (dissenting). Claimant is the widow of a former employee of the city of New York, who met his death as the result of an accident while engaged in the course of his employment. She instituted a third-party action against the Brooklyn & Queens Transit Company to recover for her husband's death. With the employer's consent this action was settled for $14,000. In the distribution of this amount, and for the purpose of computing deficiency compensation, claimant was charged with the sum of $3,551.70, which sum represents her distributive share less her contributive share of attorney's fees. The employer contended that her share of attorney's fees should be charged against her, but the State Industrial Board held otherwise upon the authority of *Matter of Hobbs* v. *Dairymen's League Co-operative Association, Inc.* (258 App. Div. 836).

Prior to the amendment of section 29 of the Workmen's Compensation Law (Laws of 1937, chap. 684), and to the decision of this court in the *Hobbs* case, it was held several times, directly and by way of clear inference, that for the purpose of computing a deficiency, for which an employer or carrier would be liable, the amount actually collected by a claimant in a third-party action included attorney's fees. (*Matter of Solomone* v. *Degon Constructing Co.*, 194 App. Div. 50; *Matter of Kabel* v. *Lane Engineering Co.*, 196 id. 669; *Matter of Campbell* v. *Monteleone*, 243 id. 157; *Matter of Zirpola* v. *T. & E. Casselman, Inc.*, 237 N. Y. 367; *Matter of Mundt* v. *Spencer & Son Contr. Corp.*, 250 App. Div. 693; modfd., 276 N. Y. 677; *Matter of Mohr* v. *Wiebusch & Hilger, Ltd.*, 247 App. Div. 679; affd., 272 N. Y. 655.)

In the *Hobbs* case (*supra*), however, it was held in effect that amendments to the statute in 1937 changed the rule, and a different construction was placed upon the words " *actually collected*," as used in the statute, excluding therefrom a reasonable amount for attorney's fees. Appellant here contends that this decision was erroneous and should be reconsidered.

I think there is weight to this argument. It may be that the older decisions construed the terms of the statute too strictly and harshly against claimants, but nevertheless the principle as laid down therein is plainly apparent from their context. A careful scrutiny of the amendments of 1937 will reveal that they offer no impelling reason or justification for changing this principle. Section 29 as amended (Subd. 4) provides precisely as did the former statute, that any deficiency compensation chargeable against the employer or carrier is the difference " between the amount of the recovery against such other person *actually collected*, and the compensation provided or estimated by this chapter for such case." Only the procedure relative to the election of a claimant to proceed against a third party was changed. (*Hession* v. *Sari Corporation*, 283 N. Y. 262.) By virtue of such

changes a claimant is not now compelled to elect to pursue a remedy against a third-party but may take compensation, and within six months thereafter, or in any event within one year from the accrual date of the action, may commence a third-party action. In such a case the entity liable for the payment of the compensation has a lien upon the proceeds of any recovery after the deduction of necessary expenses, including attorney's fees. If such action is not commenced within the time specified such failure operates as an assignment of any cause of action to the entity liable for the payment of compensation. If there is a recovery by this entity, it must after deducting reasonable and necessary expenses incurred in effecting such recovery, pay to the claimant two-thirds of any excess over and above the amount it is liable to pay for compensation.

After making these changes the Legislature again prescribed the method for computing deficiency compensation in substantially the same language as used in the statute prior to this amendment. It must be presumed that this was done with full knowledge of the judicial construction which had been attached to the words " *actually collected.*" The rationale of the decision in the *Hobbs* case (*supra*) was that since the amended statute required the deduction of attorney's fees by a carrier from its lien against any recovery in a third-party action, such deduction should be permitted against the amount recovered by a claimant in computing the amount of any deficiency for which the carrier would be liable. In view of the failure of the Legislature, however, to amend the statute further it would appear that the provision for such deduction against a lien was made for a reason not touching the formula of deficiency compensation at all; *i. e.*, to clarify any conflict which might arise between a carrier's lien and an attorney's lien for services. It must be assumed, therefore, that the Legislature did not intend by this limited change to destroy the old formula for calculating the amount of deficiency compensation chargeable to an insurance carrier, supported as it is by the weight of authority, and to substitute a new formula therefor.

For these reasons I think the decision in the *Hobbs* case (*supra*) merits reconsideration and should not be followed here. I recommend that the order appealed from should be reversed, without costs, and the matter remitted to the State Industrial Board for the correction of the deficiency compensation in compliance with the views here indicated.