In the Matter of the Claim of MARY KENNEDY, Claimant, against NEO GRAVURE PRINTING Co., INC., Employer and Self Insurer, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 12, 1941.

*John J. Bennett, Jr., Attorney-General,* for the State Industrial Board, respondent.

*Samuel Israel,* for the employer and self insurer, respondent.

*Robert H. Elder,* for the claimant.

*John M. Cullen,* for the Special Fund for Reopened Cases.

BLISS, J. Questions of law submitted by the State Industrial Board. The State Industrial Board has certified to this court the following questions of law:

"WHEREAS, Joseph J. Kennedy died on April 12, 1938, from injuries and disease resulting from an accident arising out of and in the course of his employment, and notice of election to sue a third party was filed by widow, the only dependent, in department on October 7, 1938, and a net recovery of $14,031.07 secured to the widow by virtue of settlement with such third party, with consent of employer herein; and

"WHEREAS, a finding, decision and award to the widow were made on December 16, 1940, stating that such recovery by widow entitled employer to suspend payment of death benefits to widow for a period of 1331.19 weeks, beginning with date of death, and that weekly payments of compensation to widow at rate of $10.39 per week should begin on October 15, 1963; and

"WHEREAS, such employer has been granted review of such decision, contending that under the circumstances herein an award should be made promptly requiring the employer to make payment in the amount of $1300 for the purposes and to the various special funds provided under Section 15, sub-divisions 8 and 9, and Section 25-a of the Workmen's Compensation Law, in order that payment thereof could be made by it to enable it to proceed promptly with the separate cause of action it would have therefor against such third party, and that failure to withhold the making of such award until an undetermined date in the intervening years to 1963, may prejudice its rights as regards any such cause of action then arising in that such third party may have gone out of existence or be then financially unable to make payment thereon; stipulating also that if widow is alive in 1963, payments will be made by such self-insured employer; and

"WHEREAS, it appears that under the rule and decision of *Mohr* v. *Wiebusch & Hilger, Ltd.,* 247 App. Div. 679, affirmed 272 N. Y. 655, this Board cannot determine at this time whether any deficiency compensation will be paid herein, but as it also appears that under

rule and decision of *Voelker* v. *Rosenberg's Sons*, 251 App. Div. 50, affirmed 275 N. Y. 565, this Board has the authority to commute the present value of an award for expected deficiency compensation due in the future, and order its immediate payment into the Aggregate Trust Fund, provided allowance is made in the computation for the factor of interest loss in the intervening period on the money payment then being made to the Aggregate Trust Fund; and that the present value of an award now to assure payment of any deficiency compensation payable to widow, if alive in 1963, and not having remarried in interim, would now require payment into the Aggregate Trust Fund of approximately $1500; and

" WHEREAS, it appears the surviving widow is now 46 years old and at date set for beginning of any deficiency compensation would be approximately 69 years of age; and that the amount received in such settlement greatly exceeds the present value of a claim for death benefits of a widow of such age; and

" WHEREAS, this Board believes unique and novel questions relative to the position of the Aggregate Trust Fund herein have thus been presented, which this Board must consider at this time, and the Board is doubtful, as a matter of law, as to its powers under the said circumstances;

" *Now, Therefore, Be It Resolved,* that there be and hereby are certified to the Appellate Division of the Supreme Court, Third Department, the following questions of law:

" 1. If the Board at this time directs the payment by the employer into the Aggregate Trust Fund of the present value of the deficiency compensation payable to the widow, if alive after October 15, 1963, and not having remarried in the interim, would such Aggregate Trust Fund be liable for payments into the Special Funds provided by Section 15, sub-divisions 8 and 9 of [and] Section 25-a in the event the widow dies or remarries in the interim, and there is thus presented the situation of no one to whom compensation would be payable?

" 2. In the absence of statutory authority to include in any commutation of present value an amount to properly provide for such contingency of payment into such Special Funds by the Aggregate Trust Fund, can this Board so direct the Aggregate Trust Fund to include such factor in their computation? "

While there are many interesting contingencies arising out of the foregoing situation that might be discussed in this case, the questions of law which are submitted to us relate to only one subject, viz., payment by the aggregate trust fund into the special funds provided by subdivisions 8 and 9 of section 15 and section 25-a of the Workmen's Compensation Law. As applied to the

case at hand, section 27 of the Workmen's Compensation Law provides for the depositing into an indivisible and aggregate trust fund by an employer and his insurance carrier or a self-insured employer as the case may be, of an amount equal to the present value of future unpaid death benefits. In computing this amount due allowance must be made for interest earnings and the possibility of a remarriage. The statute provides further that upon such payment the employer or insurance carrier " shall be discharged from any further liability for payment of such death benefits or other compensation, and payment of the same as provided by this chapter shall be assumed by the fund so created." The aggregate trust fund thus assumes the payment of the future death benefits. We find in the statute no authority on its part for any payment into the three special funds above mentioned and no such authority has been called to our attention by any of the parties. The statute defines the manner of computation of the amount payable into the aggregate trust fund by the employer or insurance carrier and we fail to find in the statute any authority for the Board to include in such commutation the possibility of payments by the aggregate trust fund into the three special funds. Discussion as to the advisableness of such payments by the aggregate trust fund might be interesting but would not be helpful in answering the submitted questions. The authority must be found in the statute, or such payments may not be made.

The first question must be answered in the negative. This being so, it might seem unnecessary to answer the second question. But to avoid any doubt on the part of the Industrial Board we answer that question in the negative also.

HILL, P. J., CRAPSER, HEFFERNAN and SCHENCK, JJ., concur.

Both questions answered in the negative, without costs.