**OCEAN S. S. CO. OF SAVANNAH v. LUMBERMENS MUT. CASUALTY CO. OF ILLINOIS et al.**

No. 145.

Circuit Court of Appeals, Second Circuit.

Feb. 3, 1942.

Edward J. Keane, of New York City (Keane & Reid and Herbert P. Reid, all of New York City, on the brief), for plaintiff-appellant.

Abraham M. Fisch, of New York City, for defendant-appellee Patrick O'Connor.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

■ The sole question in this case is whether an employer who has paid compensation to an injured employee gets reimbursement out of the proceeds of a third-party action by the employee without proportionately sharing the cost of attorney's fees. The district court decided that the plaintiff employer did not, D.C.S.D.N.Y., 39 F.Supp. 51, and it has appealed. We think this result is untenable under the governing statute. New York Workmen's Compensation Law, § 29, Consol.Laws, c. 67.

The controlling provision of this statute is subdivision 1, which took its present form in 1937. Prior to that time the employee was forced to elect whether to take compensation, and by that act assign his claim against third parties to his employer, or pursue his third-party remedies, thereby limiting himself to compensation only for any deficiency. After the act was amended, the injured employee was not required to elect whether to take compensation or pursue his remedies, but might do both within the time limits therein specified. It was then provided: "In such case, the state insurance fund, if compensation be payable therefrom, and otherwise the person, association, corporation or insurance carrier liable for the payment of such compensation, as the case may be, shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid by it and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation or carrier."

It will be noted that under this statute the employer has a lien on the proceeds of recovery *after* the deduction of reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, but *to the extent* of the total amount of compensation paid. We think that language controlling to provide full reimbursement of all compensation paid, without any deduction, up to the net proceeds as here defined. That is, the attorney's fees are deductible in determining the maximum amount the employer may receive back, but do not otherwise affect or limit the reimbursement.

In the present case plaintiff has paid the sum of $5,030.88 as compensation to, and medical expenses for, its employee, the defendant O'Connor, on account of an accident occurring in 1938. O'Connor has now recovered a judgment in the Supreme Court of New York for $20,000 against the Bush Terminal Company for the accident; and this action, for reimbursement of the $5,030.88, is brought under the diversity-of-citizenship jurisdiction of the district court against the Lumbermens Mutual Casualty Company of Illinois as Bush's insurer, as well as Bush and O'Connor. In the state suit, O'Connor had an agreement with his attorney to pay the latter 40 per cent of any recovery; and he has actually paid the attorney this percentage on the balance after deduction of the compensation due plaintiff, that is, on approximately fifteen, rather than twenty, thousand dollars. It is O'Connor's contention that plaintiff must pay whatever more is due the attorney. The other two defendants are in substance mere stakeholders so far as this action is concerned. In sustaining O'Connor's contention, the district judge held plaintiff liable for only a reasonable attorney's fee, which he fixed at 25 per cent, rather than 40 per cent, or a total deduction of $1,257.72, which he ordered paid to the attorney in question by the defendant insurance company, with balance of $3,773.16 payable to plaintiff. This is the judgment from which plaintiff appeals.

As we interpret the statute, plaintiff's reimbursement could never exceed the net

amount of defendant O'Connor's recovery after paying his attorney; but since that amount in any event would be some $12,000, there is no occasion for the application of that limitation here. Plaintiff therefore should recover "the total amount of compensation" paid, and "the expenses for medical treatment paid by it," which is the sum herein sued for.

■ Against what seems thus the clear meaning of the statute, the court below advanced deductions based upon other provisions of this same section, upon Hobbs v. Dairymen's League Co-operative Ass'n, 258 App.Div. 836, 15 N.Y.S.2d 694, appeal dismissed 282 N.Y. 710, 26 N.E.2d 823, and upon the equities of the situation, that where a fund is created for the benefit of several, all should bear their share of the costs thereof. We think the first two arguments bear the other way; and as to the equities of the situation, we can say only that that may well be a dangerous resort in matters of statutory construction. Here the prime purpose of the legislation seems to be assurance of the statutory compensation to the employee. That may be thought best assured in the long run by a definite requirement of full reimbursement to the employer of the statutory sums paid before the employee can have the advantage of any excess beyond the statutory limits. Indeed, as will be noted, under some conditions the employer even shares in this excess obtained from a third party. Certainly under the circumstances we can see no such pervasive equities as to impinge upon the rather clear statement of statutory purpose.

The district court made reference to subdivision 2 of the section—allowing third-party suit by the employer where the employee has failed to take action—pointing out that under it the employer will have to pay its attorney's fees. Obviously the employer must pay its attorney's fees in the first instance; since it has brought the suit, any other course would be highly unusual. The interesting point is, however, that under this subdivision there is no payment of any of the recovery to the employee until after there has been a recovery in excess of the total amount of compensation and medical expenses paid, "together with the reasonable and necessary expenditures incurred in effecting such recovery," and then, as to such excess, "it [the employer] shall forthwith pay to such injured employee or his dependents, as the case may be, two-thirds of such excess." In other words, the employer, when it itself sues, of course takes the risk of getting nothing or perhaps very little for its benefit. But if it does secure a substantial recovery it gets back all its payments and all its expenses and even one-third of the balance. That appears to us to support the idea of full reimbursement disclosed in the first subdivision.

The Hobbs case is consistent with the same general purpose. The principle of the Hobbs case has now been applied by the Court of Appeals in a case decided since the argument herein, Curtin v. City of New York, Jan. 15, 1942, 39 N.E. 2d 903, affirming 262 App.Div. 918, 29 N.Y.S.2d 153, which had been decided on the basis of the Hobbs case. These decisions deal with still another subdivision, 4, which provides, in case of a third-party action by an employee, or, in case of his death, by his dependents, that the employer "shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided." The courts here construing the words "actually collected" in the light of the other provisions of this section conclude from the section as a whole that a change was effected by the amendment of 1937, and that the amount actually collected means what it means under subdivision 1, that is, the net amount after deducting expenditures, including reasonable attorney's fees. This again deals with the maximum, or ceiling, upon reimbursement, which, of course, is here important, since it is a case of deficiency.

The courts have therefore held, quite consistently, that, where there is a deficiency in the third-party recovery so far as each claimant for compensation is concerned, that deficiency should be computed *after* deduction of attorney's fees, rather than before, and that hence the employer should make up the larger difference. Again this serves to insure the employee or claimant the full statutory amount—the clear intent of the 1937 amendment—but it does no more; and we see no occasion for stretching it further, in view of the language of subdivision 1. The emphasis which the Chief Judge makes upon the deduction under subdivision 1 and the section as a whole to preserve the maximum of statutory recovery in no way militates against, and may even be considered as

reinforcing, the present result. The same is true of his statement that the legislature has given recognition to "the principle that where one person without fault incurs expenses in creating a fund which inures to the benefit of another, he should be reimbursed from that fund for the expenses so incurred." Of course he should be reimbursed to the extent of his statutory compensation, without any deduction whatsoever, if the 1937 amendment is to be given effect. But all he is entitled to is reimbursement, not all, or even a share in, the excess until, in turn, his employer has likewise been reimbursed. That, at any rate, is our interpretation of the Chief Judge's meaning.

The judgment of the district court is reversed, and the action is remanded for the entry of a judgment in plaintiff's favor for the full sum of $5,030.88.