Santry, J.
The deceased was employed as a volunteer fireman by a municipal corporation. While in the course of his employment he sustained accidental injuries resulting in his death. Pursuant to section 205 of the General Municipal Law, the employer became liable for the payment of $3,000 to the widow. The employer had a policy indemnifying it against this liability with the appellant carrier. In addition the employer brought its volunteer firemen within the coverage provided by the Workmen’s Compensation Law to the extent that payments under that law exceeded the benefits under the General Municipal Law. The same insurance company carried this additional coverage.
The board made an award to the widow of death benefits at the rate of $12.60 per week from date of death. The appellants were given credit for the $3,000 which they paid to the widow pursuant to the General Municipal Law. This sum would pay the weekly death benefits until July 14, 1951. Payments under the Workmen’s Compensation Law were suspended until that time. The award was ordered paid into the Aggregate Trust Fund at its present value computed as of August 8, 1948. The $3,000 payment was credited in such computation.
The appellants appeal only from that part of the award which directed that the present value of the award be computed as of August 8, 1948, contending that such computation should be made as of July 14, 1951, and payment over be deferred until that date.
Section 27 of the Workmen’s Compensation Law provides, among other things: “ If an award under this chapter requires payment of death benefits or other compensation by an insurance carrier or employer in periodical payments, the board may, in its discretion, at any time, any provision of this chapter to the contrary notwithstanding, compute and permit or require to be paid into the aggregate trust fund an amount equal to the present value of all unpaid death benefits That section also provides that in case of an award made after July 1, 1935, which requires the payment of death benefits by an insurance carrier which is a stock corporation, “ the board shall immediately *44 compute the present value thereof and require payment of such amount into the aggregate trust fund ”. Under both the permissive and mandatory provisions of this section the action of the board must be sustained (Matter of Voelker v. Rosenberg’s Sons, 251 App. Div. 50, affd. 275 N. Y. 565.)
The award and decision should be affirmed, with costs to Workmen’s Compensation Board.
Fostee, P. J., Hepeebham", Deyo and Bebgak, JJ., concur.
Award and decision affirmed, with costs to the Workmen’s Compensation Board. [See post, p. 806.]