Maximilian Moss, S.
This is an application by a compensation carrier, in a proceeding for leave to compromise causes of action for personal injuries and wrongful death, to have a lien impressed upon the proceeds of a recovery against a third-party wrongdoer for the amount of the deficiency compensation which it subsequently deposited in the Aggregate Trust Fund pursuant to section 27 of the Workmen’s Compensation Law.
Respondent, as administratrix, obtained a judgment of $150,000 against third parties for personal injuries and wrongful death of her husband, sustained while in the employ of petitioner’s assured. The judgment was reduced on appeal to $105,000 (Campanelli v. Kretzer & Son, 1 A D 2d 1025) and settled in said amount while on further appeal to the Court of Appeals. The compromise settlement Avas approved by this court by order dated January 3, 1957 and distribution was made thereunder. Respondent’s net share of the recovery which she received amounted to $25,987.67. Petitioner Avas reimbursed in the sum of $4,771.25 in satisfaction of its lien for compensation benefits paid as of July 16, 1956 plus the sum of $400 advanced by it for funeral expenses.
Petitioner, in its answer to the petition for approval of the compromise, claimed additionally an alleged lien for the deficiency compensation required to be paid by direction of the Workmen’s Compensation Board into the Aggregate Trust Fund and it requested reservation of the necessary amount to satisfy such alleged lien. The amount of such possible lien Avas estimated at $3,647.88. In order to avoid delay in distribution which Avould be caused by an appeal in the event of a decision by the court adverse to petitioner’s claim, the administratrix was authorized and directed by said order to retain out of her share in the recovery the said amount pending action by the board as to her aAvard, and the court reserved decision on the issue raised by petitioner’s ansAver pending the board’s action. The board subsequently made an aAvard to the widow of death benefits at stated weekly rates; determined that her net third-party recovery of $25,987.67 entitled the insurance carrier to suspend payments of compensation benefits to the widow from June 16, 1956, to July 19, 1982, when payments *665 were to be resumed; commuted the award on the basis of her life expectancy and computed the present value of the death benefits as deficiency compensation for the widow as of May 28, 1957, in the sum of $2,512.15, which it directed the carrier to pay into the Aggregate Trust Fund, all as provided under section 27 of the Workmen’s Compensation Law. The carrier made said payment and now petitions the court to declare that it has a lien in said sum against the fund in respondent’s hands, to direct respondent to pay the said sum to it and the balance to herself individually. Respondent opposes this claim for reimbursement and contends among other things that petitioner’s payment into the Aggregate Trust Fund was in no sense a payment of compensation to her and that reimbursement to petitioner would constitute an unjust enrichment. Respondent requests authority to pay the fund on hand to herself individually as part of her share in the recovery.
Counsel have submitted no memoranda and the court’s independent research has disclosed no case in point. The Aggregate Trust Fund is one of the “ special funds ” created by the Workmen’s Compensation Law to serve various purposes respectively set forth. The several funds are composed of moneys which employers or their carriers may be required to pay as awards or as contributions under stated conditions. The funds are kept and administered separate and apart from each other and from the General State Fund, and are not liable for any losses or the expenses of administration of each other. They are in the order in which they appear in the statute as follows: the Special Disability Fund (§ 15, subd. 6), the Vocational Rehabilitation Fund (§ 15, subd. 9), the Fund for Reopened Cases (§ 25-a), the Nonresident Compensation Fund (§ 25-b), the Aggregate Trust Fund (§ 27), the Stock Workmen’s Compensation Security Fund (§ 107) and the Mutual Workmen’s Compensation Security Fund (§ 109-d). No rights accrue to a depositor in any of the special funds except those given by the statute.
The Aggregate Trust Fund was created to provide a fund from which future disbursements could be made to satisfy legitimate compensation claims not presently payable (Matter of Szuba v. Laub's Sons, 271 App. Div. 396, affd. 297 N. Y. 571). Section 27 of the Workmen’s Compensation Law provides among other things that if an award requires periodical payments of death or other compensation benefits, the Workmen’s Compensation Board may, in its discretion, “ compute and per mit or require to be paid into the aggregate trust fund an *666 amount equal to the present value of all unpaid death benefits or other compensation ’ ’ for which liability exists, together with a sum as computed to cover proportionately expenses of administering the Fund and to insure its solvency. Payment into the Fund was made mandatory after July 1, 1935, subject to certain conditions including a waiting period until any possible third-party action could be brought and terminated. The purpose of the waiting period was to have any third-party recovery credited to the award, to compute the deficiency, if any, and direct its payments into the Fund. Upon such payment being made, the employer or carrier is discharged from any further liability for payment of death or other compensation benefits. The Fund completely assumes this duty regardless of the possibility, as in the case of respondent, that the amount deposited may be inadequate in the event the widow lives beyond her life expectancy upon which the deficiency compensation was computed. What the Fund loses in such cases, it recovers in others where the beneficiary dies or remarries before the deficiency compensation becomes payable or is exhausted. The statute also provides for refund or reimbursement to the employer or carrier, but these provisions are not germane to this application. (Matter of Voelker v. Rosenberg's Sons, 275 N. Y. 565; Matter of Szuba v. Laub's Sons, supra; Matter of Marconi v. Marshall, 284 App. Div. 728, motion for leave to appeal denied 308 N. Y. 1050; Matter of Kennedy v. Neo Gravure Print. Co., 262 App. Div. 616.)
To allow the carrier to recoup the amount paid into the special fund out of a recovery in a third-party action would transfer this possible future burden to the very beneficiary whom the deposit by the carrier was intended to benefit. Section 29 of the Workmen’s Compensation Law gives a lien only on the proceeds of any recovery ‘ ‘ to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid or to be paid by it and to such extent such recovery shall be deemed for the benefit ” of the employer or his carrier. This provision was applied to the compensation claim herein in conjunction with the provisions of section 27, when the deficiency compensation was deposited in the Aggregate Trust Fund. Neither section 29 nor section 27 can be interpreted to give the carrier a lien upon the recovery for deposits in the special fund under consideration. In a comparable case, this court held that deposits by a carrier into the Vocational Rehabilitation Fund and the Fund for Reopened *667 Cases did not entitle it to a lien against the amount recovered by the widow from third parties responsible for her husband’s wrongful death (Matter of Grasso, 1 Misc 2d 704).
For the guidance of insurance carriers, this court will go all the way in such matters. For example, should a case be presented to it in the future where in addition to the facts of this case, the surviving spouse or other next of kin has expressly agreed as a condition of obtaining consent to a settlement, to reimburse the insurance carrier for the amount to be deposited in the Aggregate Trust Fund, this court will hold such an agreement void and of no effect. An insurance carrier cannot secure indemnity against a payment which the carrier alone under the law is required to make. (See Harris Structural Steel Co. v. Dean, 182 Misc. 763, affd. 184 Misc. 688.)
The court denies petitioner’s application and authorizes respondent to pay to herself individually the fund in question.
Settle order on notice.