■ WILLIAM D. HELLER, Respondent, v. JOSEPH WEINBERG, Appellant.— In an action to recover damages for fraud in inducing an improvident investment, the appeal is from a judgment, entered on a jury's verdict, in favor of respondent. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ STEPHEN L. HOFFMAN et al., Respondents, v. OXFORD DEVELOPMENTS, INC., Appellant.— In an action to recover damages for breach of contract, the appeal is from an order denying appellant's motion to change the place of trial from New York County to Kings County. Appellant's certificate of incorporation designates Kings County as the county wherein its principal office is located. Order reversed, with $10 costs and disbursements, and motion granted. The residence of a corporation, for venue purposes under section 182 of the Civil Practice Act, is in the county in which is located the corporation's principal office as designated in the certificate of incorporation (*Jonas Equities* v. *614 East 14th Realty Corp.*, 282 App. Div. 773; cf. *Boro Kitchen Cabinets* v. *Spalt*, 9 A D 2d 925). "The mere fact that the corporation had its office in a county other than that designated in its certificate of incorporation does not change its residence for the purpose of legal procedure" (1 White, New York Corporations [12th ed.], § 140.1, p. 357). *Yonkers Raceway* v. *National Union Fire Ins. Co. of Pittsburgh, Pa.* (9 Misc. 2d 412, affd. 6 A D 2d 846, affd. 6 N Y 2d 756), cited by the learned Special Term, is not to the contrary. The plaintiff in that case was required by statute (Pari-Mutuel Revenue Law, § 37; L. 1940, ch. 254, as amd.) to specify in its certificate of incorporation not only its principal office, but also the location at which its business was to be conducted. It was held that such corporation had two legal residences, both indicated in its certificate of incorporation. Wenzel, Acting P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Murphy, J., deceased.

■ JAMES J. HOWLEY et al., Respondents, v. HARRY PAGAN, Defendant, and LOUIS G. ROMAS, Appellant.— In an action to recover damages for personal injuries, the appeal is from so much of a judgment, entered after trial before the court without a jury, as is in favor of respondents against appellant. Respondents, passengers in a motor vehicle owned and operated by appellant, were injured when the vehicle collided with a motor vehicle owned and operated by defendant Pagan. Judgment insofar as appealed from unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ In the Matter of the Accounting of JOSEPHINE CAMPANELLI, as Administratrix of the Estate of VITO CAMPANELLI, Deceased, Respondent. GENERAL MUTUAL INSURANCE COMPANY, Appellant; LUCILLE CAMPANELLI et al., Respondents.— In a proceeding to compromise causes of action to recover damages for personal injuries and wrongful death, the appeal is from an order and decree (one paper) of the Surrogate's Court, Kings County, denying a compensation carrier's application for reimbursement, out of the proceeds, of the amount the carrier was required to pay into the aggregate trust fund of the State Fund, pursuant to section 27 of the Workmen's Compensation Law. The payment into the aggregate trust fund represented the difference between the estimated statutory compensation benefits, to which the widow was found to be entitled, and the proceeds, received by the widow, from the third-party recovery. Order and decree unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Ughetta and Kleinfeld, JJ. [15 Misc 2d 663.]