■ In the Matter of the Claim of BOYCE MURTAUGH, SR., Respondent, v P & D GMC SALES, INC., et al., Appellants, and AG-

GREGATE TRUST FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [646 NYS2d 914] —Appeal from a decision of the Workers' Compensation Board, filed October 28, 1994, which, *inter alia*, directed that the award of workers' compensation benefits be paid into the Aggregate Trust Fund.

Claimant, who repaired autobodies from 1965 through 1980, was found to have a permanent total disability attributable to occupational lung disease and was awarded workers' compensation benefits. Hearings were subsequently conducted regarding the apportionment of liability which resulted in a decision by the Board finding the employer and its workers' compensation insurance carrier (hereinafter collectively referred to as the employer) responsible for the entire award. The State Insurance Fund thereafter calculated the present value of claimant's award to be deposited into the Aggregate Trust Fund (hereinafter Fund) and a Workers' Compensation Law Judge issued a decision ruling that $137,978.79 should be deposited into the Fund. The Board, *inter alia*, affirmed this decision.

On appeal, the employer contends that it should have been afforded a hearing to develop the record concerning the present value of the award and that claimant's life expectancy should have been considered in the actuarial computation. We find this argument to be without merit. Workers' Compensation Law § 27 (5) specifies the actuarial basis for the computation of awards to be deposited into the Fund. It does not provide for a hearing in the first instance. In view of the employer's failure to provide persuasive authority in support of its argument, as well as this Court's decision in *Matter of Voelker v Rosenberg's Sons* (251 App Div 50, *affd* 275 NY 565), we find no reason to disturb the Board's decision.

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.