### AMERICAN MUT LIABILITY INS CO v UNITED STATES ELECTRICAL TOOL CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4933. Decided Feb 3, 1936

Dinsmore, Shohl, Sawyer & Dinsmore, Cincinnati, for plaintiff in error.

Peck, Shaffer & Williams, Cincinnati, for defendant in error.

**OPINION**

By ROSS, PJ.

The plaintiff maintains that it is incumbent upon the courts of this state to

give full faith and credit to the statutes of Alabama, and that as the cause of action stated in the petition is authorized by the statutes of Alabama originated in that state the action may be maintained and the trial court was in error in ·holding otherwise.

The defendant claims and the trial court agreed that as the laws of Ohio do not permit such a cause of action as is here considered to be prosecuted by an insurer of an Ohio employer, the state has pronounced its opinion through the legislature as adverse to such an action. This conclusion is based upon a statute which had been amended prior to the commencement of this action.

The statute in question as it existed before amendment is found in 107 Ohio Laws, p. 6:

"Section 1. That §1465-101 GC be so amended to read as follows:

"Sec 1465-101 GC. All contracts and agreements shall be absolutely void and of no effect which undertake to indemnify or insure an employer against loss or liability for the payment of compensation to workmen or their dependents, for death, injury or occupational diseases occasioned in the course of such workmen's employment, or which provide that the insurer shall pay such compensation, or which indemnify the employer against damages when the injury, disease or death arises from the failure to comply with any lawful requirement for the protection of the lives, health and safety of employes, or when the same is occasioned by the wilful act of the employer or any of his officers or agents, or by which it is agreed that the insurer shall pay any such damages. No license or authority to enter into any such agreements or issue any such policies of insurance shall be granted or issued by any public authority.

"Section 2. That original §1465-101 GC be and the same is hereby repealed."

This act was amended in 114 Ohio Laws, p. 111, and, as amended, the section now has added the following provision:

"* * * Provided that any corporation organized under the laws of this state to transact liability insurance as defined in paragraph 2 of §9607-2 or as defined in paragraph 2 of §9510 GC may by amendment of its articles of incorporation or by original articles of incorporation, provide therein for the authority and purpose to make insurance in states, territories, districts and countries, other than the state of Ohio indemnifying employers against loss or liability for payment of compensation to workmen and employes and their dependents for death, injury or occupational disease occasioned in the course of the employment and to insure and indemnify employers against loss, expense and liability by risk of bodily injury or death by accident, disability, sickness or disease suffered by workmen and employes for which the employer may be liable or has assumed liability."

The obvious purpose of this legislation is to create in Ohio a monopoly in the state to write the insurance involved. Can it be said that the legislature of Ohio would definitely authorize compensation created by it to do outside of the state of Ohio a thing which the state considered to be against its public policy? If so, the effect of such a position is to say to an Ohio corporation, you may do outside of Ohio what we consider reprehensible—and we will incorporate you for such purpose.

To us it seems that such a position on the part of the State would be entirely illogical.

We find nothing in the expression of the legislature indicating that such an action as is here presented is contrary to the public policy of the state.

If an Ohio corporation duly authorized to write such insurance as is here involved were plaintiff, the state would be placed in the peculiar position of permitting and definitely authorizing its incorporation, but refusing to permit it to sue in this state. This cannot be the law.

The effect of the Alabama statute is merely by law to create an assignment of the cause of action existing in the employe. Any recovery by the insurer here would be impressed with a trust in favor of the employe, subject only to the necessary expenses incidental to such recovery.

Obviously the employe could sue here to recover subject only to deduction for compensation received. We see no violation of our public policy in permitting the insurer to recover for the employe.

The case of Broderick, etc. v Rosner et, 294 U. S. 629, definitely approves the conclusions herein reached. The syllabus in that case provides:

"A statute of New Jersey (Corporation Act, §94 b) provides that no proceeding may be maintained in the courts of that State to enforce a stockholder's statutory personal liability arising under the laws of another state, except in suits in the nature

of 'an equitable accounting for the proportionate benefit of all parties interested, to which such corporation and its legal representatives, if any, and all of its creditors and all of its stockholders shall be necessary parties.' The Superintendent of Banks of New York brought an action in a New Jersey court against 557 New Jersey stockholders of a New York bank, to recover unpaid assessments levied upon them pursuant to the banking laws of New York. The bank had altogether 20,843 stockholders and more than 400,000 depositors and other creditors, many of whom resided elsewhere than in New Jersey. The court held the action barred by the New Jersey statute; suggested that leave might be granted to file a bill in equity pursuant thereto.

HELD:

"1. The New Jersey statute, as here applied, effectively denies to the Superintendent the right to resort to the courts of that State to enforce the liability of stockholders residing there; the complaint conformed to the New Jersey practice and the action would have been entertained but for the statute. Pp. 639, 640.

"2. The nature of the cause of action brings it within the scope of the full faith and credit clause; the subject matter is not such as permits consideration of local policy to dominate rules of comity. P. 643.

"3. That the assessment was made under statutory direction by an administrative officer does not preclude the application of the full faith and credit clause. P. 644.

"4. That the administrative determination of the assessment made in New York may be subject to collateral attack does not justify the New Jersey court in refusing to take jurisdiction of the Superintendent's suit. P. 646.

"5. Question whether Superintendent's determination as to the propriety and amount of the assessment are conclusive, not decided. P. 646.

"6. The full faith and credit clause requires that the action of the Superintendent in this case be entertained. P. 647."

The jugdment of the Court of Common Pleas is reversed and the cause remanded for further proceedings according to law.

HAMILTON, J, concurs,