In the Matter of the Claim of MARY E. MUNDT, Respondent, Appellant, against WILLIAM SPENCER & SON CONTRACTING CORPORATION, Employer, and Another, Appellants, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 5, 1937.

E. C. Sherwood [William B. Davis of counsel], for the appellants, respondents.

Henry J. Farrell, for the claimant, respondent, appellant.

John J. Bennett, Jr., Attorney-General [Roy Wiedersum, Assistant Attorney-General of counsel], for the respondent, State Industrial Board.

PER CURIAM. Cross-appeals from an award to a dependent mother for the death of her minor son, which occurred July 29, 1924. In a third party action the representative of decedent recovered a judgment which, when paid in April, 1931, included the amount of the verdict, $3,000, and $1,196 interest besides statutory costs and disbursements. The Board allowed to the mother, in addition to the weekly payment, $100 " for her proportionate share of funeral expenses " and directed that the weekly payments be suspended until $1,500, one-half of the judgment exclusive of interest, costs and disbursements, had been used. Decedent was survived by a non-dependent father, who shared the recovery equally with the dependent mother. The claimant urges that the Board erred in not allowing $200 funeral expenses, and that she should be charged only with the sum of $601, which it is claimed is the amount she received from the $3,000 verdict (not including interest), after deducting trial expenses, funeral expenses and a forty per cent contingent attorney's fee. The carrier and employer urge that dependency was not shown — that no funeral expenses should have been allowed because of failure to prove that the mother paid any part — that in the event it be found that there was dependency, credit should have been given for one-half of " the amount of the recovery against such other person actually collected " (Workmen's Comp. Law, § 29), including interest, attorney's costs and disbursements.

Theoretically attorneys' statutory costs belong to the litigant;. interest should have been included in the amount charged against the mother, and payment of the weekly awards should have been

suspended until the sum of $2,098 had been exhausted. (*Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367; *Solomone* v. *Degnon Contracting Co.*, 194 App. Div. 50; *Kabel* v. *Lane Engineering Co.*, 196 id. 669; *Campbell* v. *Monteleone*, 243 id. 157.) The mother contributed toward the funeral expenses through reduction of the payment to her from the third party action, and she should receive the $100. Fixing the amount of the allowance for funeral expenses is the determination of a question of fact and within the scope of the jurisdiction of the State Industrial Board. The proof sustained the finding of dependency.

The decision and award of the State Industrial Board should be modified solely by increasing the amount chargeable to the mother and which is to be absorbed before weekly payments begin, from the sum of $1,500 to $2,098, and by correspondingly advancing the date to which payments by the carrier are suspended.

The award should be modified as indicated in the opinion and the matter remitted to the State Industrial Board for the purpose of having the award earlier made modified only in the particulars mentioned, without costs.

HILL, P. J., McNAMEE and CRAPSER, JJ., concur· RHODES and BLISS, JJ., concur in part, with a memorandum.

RHODES and BLISS, JJ. We concur in the decision in so far as it directs that the interest included in the judgment should have been included in the amount charged against the mother and also in the award to her of $100 on account of one-half of the funeral expenses and dissent as to the refusal to charge against her one-half of the taxable costs and disbursements, and vote to charge her with one-half of the full amount of the judgment. Costs are a part of the recovery. " They become a part of the judgment. It is one entire thing." (*Rooney* v. *Second Avenue R. R. Co.*, 18 N. Y. 368.)

Award modified as indicated in the opinion and matter remitted to the State Industrial Board for the purpose of having the award earlier made modified only in the particulars mentioned, without costs.