In the Matter of CATHERINE D. CURTIN, Respondent, against CITY OF NEW YORK, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Argued November 24, 1941; decided January 15, 1942.

*William C. Chanler, Corporation Counsel (Paxton Blair, James Hall Prothero* and *Samuel A. Bloom* of counsel), for appellant. There is no warrant for not treating reasonable attorney's fees paid out by, or on behalf of, a claimant for deficiency compensation as part of his recovery for which he received benefit. (*Matter of Mohr* v. *Wiebusch & Hilger, Ltd.,* 247 App. Div. 679; 272 N. Y. 655; *Matter of Mundt* v. *Spencer & Son Contr. Corp.,* 250 App. Div. 693; 276 N. Y. 677; *Matter of Campbell* v. *Monteleone,* 243 App. Div. 157; *Matter of Kabel* v. *Lane Eng. Co.,* 196 App. Div.

669; *Matter of Solomone* v. *Degnon Contracting Co.*, 194 App. Div. 50; *Hession* v. *Sari Corp.*, 283 N. Y. 262.)

*John J. Bennett, Jr.*, *Attorney-General* (*Roy Wiedersum* of counsel), for State Industrial Board, respondent. The reasonable and necessary expenses including attorney's fees should be deducted from the recovery against the third party and the balance used as the basis for computing deficiency compensation. (*Matter of Hobbs* v. *Dairymen's League Co-operative Assn., Inc.*, 258 App. Div. 836; 282 N. Y. 710.)

*Robert E. Hugh* for claimant-respondent. The decision below is correct and should be affirmed. (*Matter of Hobbs* v. *Dairymen's League Co-operative Assn., Inc.*, 258 App. Div. 836; 282 N. Y. 710.)

*Walter A. Fullerton* for Beatrice Hobbs, *amicus curiæ.* The attorney's fee in the third party action should be deducted in computing the widow's compensation. (*Matter of Kabel* v. *Lane Engineering Co.*, 196 App. Div. 669; *Matter of Mundt* v. *Spencer & Sons Contr. Corp.*, 250 App. Div. 693; 276 N. Y. 677; *Harbeck* v. *Pupin*, 123 N. Y. 115; *Matter of Meyer*, 209 N. Y. 386; *Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544; *Ward* v. *Erie R. R. Co.*, 230 N. Y. 230; *People ex rel. Standard Oil Co.* v. *Saxe*, 179 App. Div. 721; *People ex rel. Killeen* v. *Angle*, 109 N. Y. 564.)

LEHMAN, Ch. J. The claimant's husband died on February 2, 1938, as the result of accidental injuries which he had sustained on that day and which arose out of and in the course of his employment. Pursuant to the provisions of section 29 of the Workmen's Compensation Law (Cons. Laws, ch. 67) the claimant served a notice, dated March 21, 1938, that an action had been commenced against a third party and that the claimant makes " claim for all benefits due me under the Workmen's Compensation Act." An award of compensation to the widow at the weekly rate of $10.39 was filed in the office of the Department of Labor on March 22, 1938, and the employer promptly gave

notice that the first payment of compensation had been made.

The third party action was settled thereafter, with the written consent of the employer, for the sum of $14,000. The widow's share in the recovery, after deduction of disbursements and attorney's fees, was the sum of $3,551.70. Without deduction of attorney's fees, the widow's share in the recovery would have been the sum of $4,368.37. Where an injured employee, or in case of death, his dependents, proceeds against a third party, the employer or carrier must contribute " only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case." (Workmen's Compensation Law, § 29, subd. 4, as amd. by L. 1937, ch. 684.) The State Industrial Board has decided' that the words " the amount of the recovery * * * actually collected " as used in the statute mean the amount of the recovery collected after deduction of the " reasonable and necessary expenditures, including attorneys' fees, incurred in effecting such recovery." The Appellate Division has affirmed the decision of the Board.

Prior to its amendment in 1937, section 29 provided that an injured employee or his dependents must elect whether to take compensation as provided in the statute or to pursue his remedy against a third party. If the injured employee or his dependents elected to take compensation under the statute, then the statute provided that the awarding of compensation should operate as an assignment of the cause of action against the third party. If the injured employee or his dependents elected to proceed against the third party, then the original statute contained the same provision as the amended statute now contains, that the employer or carrier shall " contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case."

Since the amendment of 1937 the injured employee or his dependents need not elect whether to take compensation or to pursue his remedy against a third party. He may take compensation and at any time prior thereto or within six months thereafter pursue his remedy against the third party, but, in such case, it is provided that the employer or carrier liable for the payment of such compensation " shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorneys' fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid by it and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation or carrier." (§ 29, subd. 1.)

Under the construction placed by the Appellate Division, pr'or to the amendment of 1937, upon the words, " the amount of the recovery * * * actually collected," no deduction could be made for the expenses incurred in obtaining the recovery. A claimant who elected to pursue his remedy against a third party was compelled to bear the full burden of the expense of obtaining a recovery even where the benefit of the recovery inured solely to the person or corporation liable under the statute for compensation. (*Matter of Solomone* v. *Degnon Contracting Co.*, 194 App. Div. 50; *Matter of Kabel* v. *Lane Engineering Co.*, 196 App. Div. 669; *Matter of Mohr* v. *Wiebusch & Helger, Ltd.*, 247 App. Div. 679; affd., 272 N. Y. 655; *Matter of Mundt* v. *Spencer & Son Contg. Corp.*, 250 App. Div. 693; mod., 276 N. Y. 677.) In the cited cases in which an appeal was taken to this court, the construction placed upon the statute by the Appellate Division was not challenged in this court by the claimant. For that reason, the question has never been presented or decided by this court. The practice which the Appellate Division had approved was, nevertheless, generally accepted as correct and became the settled

practice. In construing the amended statute we may reasonably assume that the Legislature when it amended the statute knew the interpretation which had been previously placed upon these words, and we should not give a different construction to the same words in the statute as amended, unless by the amendment the Legislature has clearly indicated that it intended to give to the words a different meaning.

We think that here the Legislature has so indicated. The same words which had been judicially construed before the section was amended assume a different aspect in their new setting in the amended section. The construction which the court held gave effect to the legislative intent as indicated in the original section might thwart the enlarged legislative purpose as indicated in the amended section.

The Workmen's Compensation Law was enacted as indicated in the title of the statute (L. 1913, ch. 816) for the purpose of " *assuring compensation* for injuries or death of certain employees in the course of their employment." The statute did not take away existing remedies against third parties, nor did it confer upon an employee or his dependents a right to receive compensation from an employer or carrier where the full amount of the statutory compensation assured to the employee or his dependents was actually collected by him or them from such third party. The provisions of section 29 of the Workmen's Compensation Law, as originally enacted, requiring an election whether to take the statutory compensation or to proceed against a third party, effectually prevented the assertion of any claim against the employer or carrier for more than the deficiency between the amount of damages for the injury actually collected from a third party and the amount of the compensation " assured " under the statute. When the Legislature amended section 29 to give a person entitled to compensation under the statute a right to take such compensation and at the same time to pursue his remedy against a third party without need of making an election, the Legislature did not abandon the rule that to the extent

that damages for an injury were actually collected from third parties, the obligation of the employer or carrier to pay the statutory compensation should be reduced.

To accomplish that end, the Legislature, in the same subdivision of section 29 in which it provided that a claimant should have the right previously denied to him to take the compensation assured by the statute without relinquishing any right of action against a third party, also provided, as we have said, that the person or corporation liable for the payment of such compensation should have a lien on the proceeds of any recovery from such third party " *after the deduction of the reasonable and necessary expenditures, including attorneys' fees, incurred in effecting such recovery.*" In that provision the Legislature has, in plain words, given recognition to the principle that where one person without fault incurs expenses in creating a fund which inures to the benefit of another, he should be reimbursed from that fund for the expenses so incurred. In the application of that principle, there is no ground for distinction between a case where recovery has been had by a claimant after he has made claim for statutory compensation and a case where the proceeds of a recovery have been collected before the claim is made. The provision of the section that a person or corporation liable for payment of compensation shall have a lien upon the proceeds of a recovery and the provision of the same section that such a person or corporation must contribute only the deficiency, if any, between the amount of the recovery " actually collected " and the compensation provided, are intended to carry out the same purpose in differing circumstances. They must be read together and each must be given the construction which will effectuate the legislative intent. So read, there can be no reasonable doubt that the words " amount of the recovery * * * actually collected " are intended to mean " actually collected " after the claimant has paid the expenses reasonably and necessarily incurred in obtaining any recovery. No artificial rule or canon of construction requires the court to disregard an intent so clearly indicated. The Industrial Board, which has power to decide what

amount has been "actually collected," must decide as an incident what expenditures have been "reasonably and necessarily incurred."

The order should be affirmed, with costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Order affirmed.