## JAMES J. MEEHAN'S CASE.

Suffolk.  November 4, 1943. — June 26, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & RONAN, JJ.

*Workmen's Compensation Act,* Money recovered from third person.

An insurer, upon recovery in an action at law under G. L. (Ter. Ed.) c. 152, § 15, against a third person responsible for injury to an employee in 1937, was required to use the full amount recovered, without deducting therefrom the expense of prosecuting the action, in computing an excess thereof over the amount of compensation paid to the employee, four fifths of which excess it was required to pay to the employee.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The insurer appealed from a decree entered by order of *Cabot,* J.

*W. G. Reed,* for the insurer.

*R. V. Rogers,* Assistant Attorney General, for the Industrial Accident Board.

RONAN, J.  The insurer, having paid the employee compensation and furnished him with medical services, brought an action at law against a third person whose negligence caused the injuries to the employee, *Meehan* v. *Gordon,* 307 Mass. 59, and recovered a judgment in a sum greater than

that paid by it for said compensation and medical services. The insurer appealed from a final decree entered in the Superior Court, based upon findings of the Industrial Accident Board, ordering it to pay over to the employee four fifths of the difference between the amount recovered and the amount paid for compensation and medical services. The ground of the appeal is that it should be permitted to deduct from the amount recovered the expenses incurred by it in the prosecution of the action at law.

The statute in effect on November 12, 1937, when the employee was injured, authorized an insurer which had paid compensation to enforce against a third person who was responsible for the injury, either "in the name of the employee or in its own name and for its own benefit, the liability of such other person; and in case the insurer recovers a sum greater than that paid by it to the employee, four fifths of the excess shall be paid to the employee." G. L. (Ter. Ed.) c. 152, § 15. By virtue of this statute the right of the employee to bring an action against the wrongdoer who caused his injury was transferred to the insurer which had paid or become bound to pay compensation. As to the right of the insurer to bring an action where the injuries resulted in the death of the employee, see *Reidy* v. *Old Colony Gas Co.* 315 Mass. 631. Where the right to bring an action for personal injuries had been so transferred, it was optional with the insurer to bring such an action. If it did not bring such an action, the employee had no just cause of complaint, but if it did, it was entitled to reimburse itself for compensation paid to the employee out of any amount that it might recover; and if there was a balance left, then it was required to pay four fifths of this balance to the employee. *Whalen* v. *Athol Manuf. Co.* 242 Mass. 547. *Fidelity & Casualty Co.* v. *Huse & Carleton, Inc.* 254 Mass. 359. *Jordan* v. *Orcutt,* 279 Mass. 413. *Becker* v. *Eastern Massachusetts Street Railway,* 279 Mass. 435. The amount of expenditures incurred by the insurer for medical and hospital services furnished to the employee is a part of the compensation paid by it and is to be deducted from the amount recovered in computing the sum that should be

turned over to the employee. *Panasuk's Case*, 217 Mass. 589. *Bruso's Case*, 295 Mass. 531. See now St. 1939, c. 401, revising said § 15, which provides in certain cases for the bringing of an action at law against the third person by the employee.

General Laws (Ter. Ed.) c. 152, § 15, in its original form, St. 1911, c. 751, Part III, § 15, authorized the insurer to retain for its own benefit whatever it obtained in the action against the third party, but the statute was amended by St. 1913, c. 448, § 1, providing for the apportionment between the insurer and the employee of the amount by which the sum recovered by the insurer exceeded the amount paid for compensation. This provision continued substantially unchanged and was in effect at the time the employee in the present case was injured. It virtually defined the excess which was to be divided between the insurer and the employee and the proportions in which they were to share. Where "the insurer recovers a sum greater than that paid by it to the employee," four fifths of the difference between the amount recovered and the amount paid to the employee belongs to the employee and he is entitled to receive it as additional compensation under the act. The insurer in the instant case collected damages, interest and costs. These three items constituted the sum that "the insurer recovers." These words of the statute are plain and must be given their usual and ordinary meaning. *Madden's Case*, 222 Mass. 487, 497. *Boston & Maine Railroad* v. *Billerica*, 262 Mass. 439, 444. *Commonwealth* v. *Welosky*, 276 Mass. 398, 401. No deduction from this sum for counsel fees or other costs of litigation is provided for, and we have no right to read into the statute a provision that the Legislature did not see fit to embody therein. *King* v. *Viscoloid Co.* 219 Mass. 420. *Bergeron, petitioner*, 220 Mass. 472. *Morse* v. *Boston*, 253 Mass. 247. *Allen* v. *Commissioner of Corporations & Taxation*, 272 Mass. 502. Furthermore, the statute deals with the only deductions that are to be made from the sum recovered and it can hardly be assumed that other or different deductions were intended. *Westgate* v. *Century Indemnity Co.* 309 Mass. 412. *Mitchell* v. *Mitchell*, 312

Mass. 154. It follows that the basis for the computation of the excess in which the employee is entitled to share is the sum recovered by the insurer without any deductions therefrom. This is in accordance with decisions in other jurisdictions where statutes like our own make no express provision for the deduction of counsel fees although the statutes in some of these jurisdictions have since been amended so that counsel fees may be now deducted from the amounts recovered in actions at law against the wrong-doer in determining the amount for which the employee or insurer is to be charged or credited as the case may be. *Georgia Casualty Co.* v. *Haygood,* 210 Ala. 56. *Branch & Howard* v. *Georgia Casualty Co.* 39 Ga. App. 319. *Keating* v. *Periodical Publishers Service Bureau Inc.* 56 Ga. App. 62. *Roessler* v. *Chain Grocery & Meat Co.* (Iowa) 196 N. W. 1020. *Copeland* v. *Martin Metal Manuf. Co.* 141 Kans. 725. *Deuchar* v. *Standard Accident Ins. Co.* 117 N. J. L. 375. *Solomone* v. *Degnon Contracting Co.* 194 App. Div. (N. Y.) 50. *Kabel* v. *Lane Engineering Co.* 196 App. Div. (N. Y.) 669. *Campbell* v. *Monteleone,* 243 App. Div. (N. Y.) 157. Compare *Werthman* v. *Prudential Ins. Co.* 19 N. J. Misc. 604; *Curtin* v. *New York,* 287 N. Y. 338. Undoubtedly the Legislature may authorize deductions for expenses of suit. See St. 1943, c. 432; *Dahn* v. *Davis,* 258 U. S. 421; *Rosenbaum* v. *Hartford News Co.* 92 Conn. 398; *Gones* v. *Fisher,* 286 Ill. 606; *Donahue* v. *Thorndike & Hix, Inc.* 119 Maine, 20; *Thornton Bros. Co.* v. *Northern States Power Co.* 151 Minn. 435; *McKenzie* v. *Missouri Stables, Inc.* 225 Mo. App. 64; *Bronder* v. *Otis Elevator Co.* 121 Neb. 581; *Brown* v. *Southern Railway,* 202 N. C. 256; *American Mutual Liability Ins. Co.* v. *United States Electrical Tool Co.* 55 Ohio App. 107; *Klotz* v. *Pfister & Vogel Leather Co.* 220 Wis. 57.

The question here presented is not likely to arise again in view of the amendment of G. L. (Ter. Ed.) c. 152, § 15, by St. 1943, c. 432, which deals specifically with interest and costs accruing in an action at law brought by either the insurer or the employee against the third party liable for the employee's injuries and authorizes the making of an agreement with reference to the expense incurred on account of

counsel fees. The insurer makes no contention that this statute is applicable to the present case. See *Woodrow* v. *Mansfield,* 106 Mass. 112; *Hurle's Case,* 217 Mass. 223; *Jordan* v. *Orcutt,* 279 Mass. 413; *Diggins* v. *Theroux,* 314 Mass. 735.

The final decree inadvertently credits the insurer with only $3,090.85 when it should be credited with $3,438. The decree must be modified by substituting the latter for the former amount, and as so modified the decree must be affirmed.

*So ordered.*