[No. 29267. Department Two. September 21, 1944.]

LILA N. LOWRY, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

'Reported in 151 P. (2d) 822.

*The Attorney General* and *L. E. O'Neill, Assistant,* for appellant.

*Wilkinson & Langsdorf* and *Harry Ellsworth Foster,* for respondent.

ROBINSON, J.—Although the argument has taken a wider range, we think this appeal presents merely a question of statutory construction. Rem. Rev. Stat. (Sup.), § 7675 [P. C. § 3470], provides, in part, as follows:

"That if the injury to a workman is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section; and if he take under this act, the cause of action against such other shall be assigned to the state for the benefit of the accident fund; if *the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected, and the compensation provided or estimated by this act for such case.*" (Italics ours.)

This is a case where the widow of a workman, who was killed by the negligence of one not in the same employ, made "the other choice," and brought a suit for the benefit of herself and minor daughter against the third-party wrongdoer. Her action was compromised without trial by the third-party defendant's making a payment of five thousand dollars. Was this five thousand dollars, in the words of the statute, "the amount of recovery against such third person actually collected," and the amount to be de-

ducted from the compensation provided by the act? The department so ordered. On appeal from that order, the trial court ruled otherwise, and its determination is before us for review.

As respondent has pointed out in her briefs, and urged on oral argument, her action was brought under the wrongful death statute. As the action was brought for the benefit of her minor daughter, as well as herself, after she had concluded to accept five thousand dollars from the defendant, it was necessary for her to go into the probate court for several purposes: to have the amount of the settlement approved; to have the fees of counsel allowed and their expenses approved; and to have the remainder of the fund distributed as between herself and her minor daughter. As a result of this proceeding, the court ordered the five thousand dollar recovery from the third party to be disbursed as follows:

"Attorneys' fees.....................$1,192.65
Expenses of litigation.............. 229.41
Lila N. Lowry, widow............... 1,667.00
Patricia Lowry, minor.............. 1,847.00
Estate of W. J. Lowry............. 63.94
 _____
 $5,000.00"

It is argued that this order became *res judicata,* and this may be conceded. But it is further contended that the act of the department, in deducting five thousand dollars in fixing the compensation of the beneficiaries under the act, constituted a collateral attack upon the probate order. We do not so regard it. The department does not quarrel with the order in any way. It does not question the jurisdiction of the court to make it, nor with the court's approval of the amount of the settlement, nor with the amount allowed for attorneys' fees and expenses, nor with the distribution by the court as between the beneficiaries. The department's position is simply this: The five thousand dollars so distributed was the recovery against the third person actually collected, and, therefore, the amount which it was required by the statute to employ in determining the compensation

provided by the act. As to that matter, it is contended by the department, and we think correctly, that the order did not make any adjudication, nor purport to do so. But if the statute be construed to direct that the sum to be employed is that actually received by the beneficiaries, after deducting attorneys' fees and expenses from the recovery made, the order *is res judicata* as to the amount of that sum. Hence, as noted at the outset, the appeal turns wholly upon the interpretation to be given the statute.

The respondent having made "the other choice," it is provided that the accident fund "shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected, and the compensation provided or estimated by this act for such case." It seems to us that this language leaves no room for interpretation. What was the amount of recovery actually collected against the third person? Clearly, it was five thousand dollars. We see no possible way, short of deliberately warping the language of the statute, to say that it is the sum the beneficiaries actually received; that is, the sum fixed by the court in the probate order after deducting attorneys' fees and expenses. For it is not the sum that the beneficiary ultimately collects that is to be employed, but the amount of recovery against the third person "actually collected," and, unless the five thousand dollars, which the probate court distributed, was the sum actually collected as a recovery from the third person, from what source was it derived?

In construing a statute, every word thereof must if possible be given meaning and effect. It is clear that the words "actually collected" qualify the words immediately preceding them; that is, "the amount of recovery against such third person." It is also manifest, had the words "actually collected" not been used and the legislature had stopped with the words "the amount of recovery against such third person," that the department, in making its computation, would have arrived at the same result that it actually reached in this case; for it has deducted the amount of the recovery. It might, therefore, appear that the words "actually collected" have not been given meaning and ef-

fect. However, this appearance is created by the fact that, in the instant case, the amount of the recovery happens to be the same as the amount actually collected, that is, five thousand dollars. Let us suppose that the respondent had made a recovery in her action in the amount of twenty-five thousand dollars (or any sum greater than her statutory compensation), and further suppose that she had found it impossible to collect a single penny of that recovery, then the words "actually collected" would require the department to award her the full statutory compensation, but, if they were not in the statute, she would receive nothing. In our opinion, the words "actually collected" were used to prevent, in whole or in part, such results as that.

 We are not unmindful of the rule that the workmen's compensation act shall be liberally construed in favor of its beneficiaries, but, where the language of the act is not ambiguous and exhibits a clear and reasonable meaning, there is no room for construction. Under such circumstances, the so-called construction would, in fact, be legislation. It is contended, however, that the statute, as construed by the department, is so manifestly unjust in its results that it cannot reasonably be thought to reflect the real intention of the legislature.

The awards provided by the workmen's compensation act are comparatively small in amount. In cases where the injury is caused by active negligence, they are generally far less than the workman would receive if his right to sue had not been taken away. The statute under construction was designed to give a beneficiary an opportunity to recover this possible overplus. He is not required to undertake such a venture as maintaining a suit against a negligent third party. He may assign his cause of action to the department and receive his full statutory compensation, and, even if he makes what the statute calls "the other choice" and brings suit against the third party, it is provided that he does not surrender his claim against the department. If a suit is not wholly successful, the accident fund will contribute the deficiency, if any, between the amount of recovery against such person actually collected and the com-

pensation provided by the act. As the department construes this language, and as we construe it, the legislature did not intend that the department should also underwrite the attorneys' fees and expenses incurred by the workman in prosecuting such a case. If its failure to do so is in any way unfair, such unfairness is not so manifest as to induce this court to say that the legislature could not possibly have intended the logical result of the language employed.

As might be expected, since workmen's compensation statutes vary in their language, but little case law has been cited by the parties to the appeal. The department cites *Curtin v. New York,* 287 N. Y. 338, 39 N. E. (2d) 903, in which the court said:

"Under the construction placed by the Appellate Division, prior to the amendment of 1937, upon the words, 'the amount of the recovery . . . actually collected,' no deduction could be made for the expenses incurred in obtaining the recovery. A claimant who elected to pursue his remedy against a third party was compelled to bear the full burden of the expense of obtaining a recovery even where the benefit of the recovery inured solely to the person or corporation liable under the statute for compensation. [Citing cases.]"

It will be noted that the words construed are identical with the words of our statute, and, as respondent's counsel suggests, since the New York statute was passed a year or two after our own, those words were probably copied from it. Respondent contends, first, that the cases cited in the New York opinion do not sustain the language above quoted, and, second, that they do not involve wrongful death actions. It is further argued that the language is dicta, since the statute had been amended, and its construction was not necessary to a decision of Curtin's case. These contentions are obviously sound, in part at least, but we shall not discuss them since we think the construction made by the department is so obviously correct that we would not follow the New York decision had it adopted the construction for which respondent contends.

The judgment appealed from is reversed and set aside,

and the trial court will remand the cause to the department with directions to carry out its order of July 19, 1943.

SIMPSON, C. J., BLAKE, and MALLERY, JJ., concur.

MILLARD, J. (dissenting)—The majority is fearful that, if we liberally construe the workmen's compensation act, as we are required by the legislative mandate to do, we would, in the case at bar, be judicially legislating. We had no such qualms when we expressly wrote out of the statute (Rem. Rev. Stat., § 9480 [P. C. § 704a])—were we not then judicially legislating?—the legislative mandate that strict compliance with the statute was prerequisite to the right to maintain a tort action against a municipal corporation. See *Duschaine v. Everett,* 5 Wn. (2d) 181, 105 P. (2d) 18; *Sopchak v. Tacoma,* 189 Wash. 518, 66 P. (2d) 302; and *Johnson v. Seattle,* 9 Wn. (2d) 231, 114 P. (2d) 972. In the cases just cited will be found two lines of authority each in hopeless conflict with the other. See, also, *MacVeigh v. Division of Unemployment Compensation,* 19 Wn. (2d) 383, 142 P. (2d) 900, where we insisted upon strict compliance with the statute there involved, although by legislative mandate liberal construction of the statute was required.

I am convinced that the language of the statute (Rem. Rev. Stat. (Sup.), § 7675), quoted in the majority opinion, means that, when an injured workman elects to seek a remedy against the *tort-feasor* instead of taking under the workmen's compensation act, such injured workman is to be furnished competent counsel, without expense to him, to prosecute his cause of action against such third person. The judgment should be affirmed.