**GULF TIDE STEVEDORES, Inc. et al.**

v.

**VORIS.**

Civ. A. No. 6831.

United States District Court
S. D. Texas, Houston Division.
June 18, 1953.

Royston & Rayzor, Houston, Tex., E. D. Vickery, Houston, Tex., for plaintiffs.

Brian S. Odem, U. S. Atty., Houston, Tex., for defendant.

CONNALLY, District Judge.

This action is one by the employer-compensation carrier ("employer" hereafter) to restrain the enforcement of a compensation award made under date of April 29, 1952, by the defendant Deputy Commissioner under the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq. The facts are undisputed and are completely covered by a stipulation of the parties, to which I refer. The only question presented is one of interpreting certain statutory phraseology. Counsel advise me that it is a case of first impression, although it presents a situation which seemingly would have arisen many times. It well may be that the language of the statute is sufficiently clear that heretofore its interpretation has not been questioned in the courts.

On October 10, 1948, M. L. Williamson died as result of a compensable injury which he received while in the employ of the plaintiff employer. He was survived by a widow and four minor children. Compensation was promptly paid to the beneficiaries by employer in the amount and to the extent provided by law.

In due course, the beneficiaries of the deceased elected to assert an action against Waterman Steamship Company as a negligent third party, and such libel was instituted in this Court. While awaiting trial, a settlement was arrived at between the parties and an agreed judgment entered here, under terms of which the minor plaintiffs recovered $13,500, which was promptly paid by the defendant Waterman. In the course of the judgment, this Court approved an attorney's fee in the amount of $3,900 to counsel for plaintiffs, and directed that the amount of $1,742.58 be paid to the intervening compensation carrier, and that the balance be paid to the guardian of the four minor plaintiffs for their use and benefit in equal shares. No recovery was allowed the widow.

Section 933(f) of Title 33 U.S.C.A., in providing for the compensation to be paid in the event beneficiaries seek recovery against a third person, provides in part as follows:

"* * * the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the amount recovered against such third person."

In making the award which is in issue here, the Deputy Commissioner has interpreted the language "the amount recovered against such third person" as though it read "the *net* amount recovered" or "the amount recovered *less attorneys' fees*", and has allowed the employer credit only for $9,600, rather than for $13,500.

Employer, in my opinion, is clearly right in its contention that it is entitled to credit in the amount of $13,500, as "the amount recovered against such third person." This is true for several reasons, as hereinafter set out.

The phraseology chosen by the Congress is singularly clear and unambiguous. The term "amount recovered" in a particular action normally means the total amount of the judgment which is awarded by the Court to the successful litigant. When to the term "amount recovered" is added *"against such third person"*, there could be no doubt that the amount thus referred to is that sum with which such third person was charged. I see no suggestion or inference in the statutory language that the plaintiffs' attorney's fee or other expense of litigation should be deducted.

In providing for the disposition of the proceeds in the event such third-party action is instituted by the *em-*

*ployer,* Section 933(e) provides in substance that the employer, from "Any *amount recovered by such employer"* (emphasis added), shall deduct his expenses, including a reasonable attorney's fee, etc., and shall pay the balance into a trust fund to be used as the statute thereafter provides. The fact that specific reference is made to attorneys' fees and other expenses of litigation where the action is instituted by the *employer,* and omitted a few lines later in providing for action by the *employee* or his beneficiaries, indicates clearly that the Congress was fully cognizant of these expenses of litigation, and negatives any inference that their omission from the later section of the same Act was inadvertent or accidental. Where "amount recovered" so clearly was intended to mean *"total* amount recovered" in Paragraph (e) of Section 933, it cannot be construed to mean *"net* amount recovered" in Paragraph (f) of the same section.

Of further persuasive effect is the fact, pointed out by counsel for employer, that the Workmen's Compensation Law of the State of New York, McKinney's Consol. Laws, c. 67, upon which the Longshoremen's and Harbor Workers' Compensation Act was modeled, was given a similar interpretation upon this point by the courts of that State. In providing that, where the employee pursued and recovered from the third person, the employer was to contribute the difference between "the *amount of the recovery against such other person actually collected,* and the compensation provided or estimated by this chapter" (emphasis added), N.Y. Workmen's Comp. Law, Sec. 29, Subdiv. 4, the emphasized language was construed by the New York courts to mean the gross amount of recovery actually collected, rather than the amount collected less attorneys' fees, Curtin v. City of New York, 287 N.Y. 338, 39 N.E.2d 903, 142 A.L.R. 166, and cases there cited. Similar language in compensation acts in other states has been afforded a similar construction by local courts; in Alabama (Georgia Casualty Co. v. Haygood, 210 Ala. 56, 97 So. 87); Georgia (Keating v. Periodical Pub. Ser. Bureau, Inc., 56 Ga.App. 62, 192 S. E. 80); Iowa (Roessler v. Chain Groc. & Meat Co., Iowa, 196 N.W. 1020); Massachusetts (Meehan's Case, 316 Mass. 522, 56 N.E.2d 23); New Jersey (Deuchar v. Standard Acc. Ins. Co., 117 N.J.L. 375, 189 A. 61); Washington (Lowry v. Department of Labor, 21 Wash.2d 538, 151 P.2d 822). In a number of these states (including New York), it is noted that the statute has been amended to provide for the exclusion of attorneys' fees in making the calculation after the statute was so construed.

To the contrary, the Deputy Commissioner cites Southern Quarries & Contracting Co. v. Hensley, 313 Ky. 640, 232 S.W.2d 999, interpreting the Kentucky statute, and Hardware Mutual Casualty Co. v. Butler, 116 Mont. 73, 148 P.2d 563, interpreting the Montana statute. The latter authority in particular, by reason of the peculiar circumstances which prevailed at the time of its submission, is considered of little weight.

Dealing with the Longshoremen's and Harbor Workers' Act, the authority most analogous in point of fact is Jarka Corp. of Boston v. Monahan, D.C., 48 F.2d 283; Jarka Corp. v. Monahan 1 Cir., 62 F.2d 588. There, a surviving widow was held entitled to the maximum compensation benefits of $7,500 for the death of her husband. She elected to institute a third-party action and recovered the sum of $5,500 by compromise. Of this amount, $250 was allotted to her attorneys. Thus, the employer was liable for additional compensation in an amount by which the $7,500 compensation benefits exceeded the amount recovered. The Deputy Commissioner made an award of $2,250, thus declining to give the employer credit for the $250 attorneys' fees (as was done in the instant case). The district court, with certain qualifying language, upheld the amount of this award, on the theory that the finding of the Deputy Commissioner that the amount of the recovery was only $5,250 was a finding of fact and not

subject to judicial review. However, the district judge enjoined enforcement of the award on other grounds, and returned the matter to the Deputy Commissioner who thereupon made another award. This time the award was only for $2,000 (62 F.2d 588). Thus, it would appear that the Deputy Commissioner, in making the second award, receded from his original position and in fact gave credit for the $250 in question. The defendant here urges the district court opinion upon me, not so much upon the main issue, but in support of the proposition that the finding of the Deputy Commissioner as to the "amount recovered" is binding. Where the facts are undisputed, and only an interpretation of the statute is called for, I do not consider that an administrative agency may designate its statutory construction as a "finding of fact" and thus preclude judicial review. I am not at all sure that this is the basis of the district court holding, but if it is, I decline to follow it.

■■ Other than as set out above, defendant's position is largely restricted to the argument that it is unfair and inequitable to permit a deduction of attorneys' fees to an *employer* who sues, and not to permit a similar deduction where the *employee* sues. I will not labor that question here. If the point is well taken, as it well may be, it properly should be addressed to the Congress, rather than to the courts. Where the statutory language is clear and unequivocal, there is no basis for arguing that it should be tortured or amended by judicial construction to bring about what the court might consider a more desirable result. Pillsbury v. United Engineering Co., 342 U.S. 197, 72 S.Ct. 223, 96 L.Ed. 225; Voris v. Eikel, 5 Cir., 200 F.2d 724.

Enforcement of the award will be enjoined, and the Deputy Commissioner directed to amend the award to allow employer credit for the amount of $13,500 recovered in the third-party action.

The foregoing is adopted as Findings of Fact and Conclusions of Law. Clerk will notify counsel.