◼ Mary E. Kochany et al., Appellants, v Chrysler Corporation, Respondent, et al., Defendant.—Order, Supreme Court, New York County, entered May 8, 1978, granting, *inter alia,* defendant Chrysler Corporation's motion for a change of venue to Suffolk County, unanimously reversed to the extent appealed from, on the law, with $50 costs and disbursements of this appeal payable to appellants by respondent and the motion for a change of venue denied. For venue purposes a foreign corporation's designation of the location of its office in its statement filed with the Secretary of State constitutes a designation of its residence for venue purposes under CPLR 503 (subd [c]). (See *General Precision v Ametek, Inc.,* 24 AD2d 757.) Although movant, concededly, had moved its principal place of business to Tappan, New York, it never amended the statement and designation which it had filed with the Secretary of State to show its offices or principal place of business to be in Rockland County, although it did amend the statement for other purposes. The original certificate still shows the office of the corporation to be in New York County. A foreign corporation cannot change its residence without changing its designation in its application for authority. (See *General Precision v Ametek, Inc., supra; Hoffman v Oxford Devs.,* 9

AD2d 937.) Thus, as a matter of law, venue was properly placed in New York County. (CPLR 503, subd [c].) Furthermore, in this transitory action, contrary to movant's contentions, there is nothing in the record to justify the conclusion that the convenience of material witnesses and the ends of justice would be promoted by a change of venue to Suffolk County. (CPLR 510, subd 3.) Concur—Murphy, P. J., Birns, Fein, Sullivan and Lupiano, JJ.