■ RICHARD MARKO, Respondent, v CULINARY INSTITUTE OF AMERICA et al., Appellants. [666 NYS2d 608] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about May 14, 1997, which denied defendant Consolidated Rail Corporation's ("Conrail") motion for a change of venue to Dutchess County, unanimously affirmed, without costs.

The motion, insofar as it sought a change of venue as of right, was properly denied because Conrail is bound by its designation of New York County as its principal office in its application for authority to do business filed with the Secretary of State. This is true regardless of the location of Conrail's actual principal office in the State (*see, Di Giovanni v Pepsico, Inc.*, 91 AD2d 519), and for as long as such designation remains unchanged (*see, Kochany v Chrysler Corp.*, 67 AD2d 637). The motion was also properly denied insofar as it sought a discretionary change of venue, Conrail having failed to provide, in its initial papers, sufficient detail as to the identity of possible witnesses, the nature of their anticipated testimony and how they would be inconvenienced by having to come to Manhattan, or even show that it had contacted any possible witnesses other than one of the codefendant's employees (*see, Alvarez v D & K Constr.*, 221 AD2d 224; *Barbot v Nagabushana*, 235 AD2d 289). These deficiencies could not be cured by Conrail's reply papers, which asserted conversations with certain witnesses for the first time, or by the codefendant's submissions in support of the motion, which were prepared af-

ter plaintiff's opposition (*see, Barbot v Nagabushana, supra*). In any event, these last submissions are conclusory insofar as they purport to describe the witnesses' testimony and explain how they would be inconvenienced. We have considered defendants' other arguments and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Williams, Andrias and Colabella, JJ.