■ ALICE LLORCA et al., Respondents, v MARY MANZO, Appellant. [679 NYS2d 83] —In an action to recover damages for

personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Belen, J.), dated October 29, 1997, which denied her motion to transfer venue of the action from Kings County to Suffolk County.

Ordered that the order is reversed, with costs, and the motion is granted; and it is further,

Ordered that the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Suffolk County, all of the papers filed in the action and certified copies of all minutes and entries (*see,* CPLR 511 [d]).

CPLR 503 (a) provides as a general rule that the "place of trial shall be in the county in which one of the parties resided when [the action] was commenced". Here, however, the record reveals that none of the parties resided in Kings County at the time of the commencement of the action, and thus the plaintiff's choice of venue was improper. Accordingly, the plaintiffs forfeited their right to select the place of venue ·(*see, Ward v National Car Rental,* 226 AD2d 449; *Tomasulo v Berland,* 217 AD2d 655; *Nixon v Federated Dept. Stores,* 170 AD2d 659). Thereafter, the defendant promptly served its answer along with a demand for change of venue pursuant to CPLR 511 (b), and followed it up within 15 days with a motion to change venue to a proper venue pursuant to CPLR 503 (a), 510, and 511. Accordingly, the motion should have been granted (*see, Nixon v Federated Dept. Stores, supra*). Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.