[735 NYS2d 1]

Daniel Nadle et al., Appellants, v L.O. Realty Corp., Defendant, and C. Raimondo & Son Construction Co., Respondent.

First Department, November 13, 2001

## APPEARANCES OF COUNSEL

*Gary Silverman* of counsel (*O'Dwyer & Bernstien, L. L. P.,* attorneys), for appellants.

*Stacy I. Malinow* of counsel (*Smith Mazure Director Wilkins Young Yagerman & Tarallo, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Once again, this motion court has ruled on a motion without providing any indication of the reasoning supporting its decision (*see, e.g., Lynch v Cyprus Sash & Door*, 272 AD2d 260; *Manrique v Warshaw Woolen Assocs.*, 282 AD2d 407; *Tsai v Hernandez*, 284 AD2d 116). Having previously noted our disapproval of this practice (*see, Morales v Living Space Design*, 278 AD2d 48), we now take this opportunity to explain the basis for our insistence on the inclusion of the reasoning underlying a ruling. First of all, as the Third Department has had occasion to note:

> "Written memoranda assure the parties that the case was fully considered and resolved logically in accordance with the facts and law. Indeed, written memoranda may serve to convince a party that an appeal is unlikely to succeed or to assist this court when considering procedural and substantive issues when appealed." (*Dworetsky v Dworetsky*, 152 AD2d 895, 896.)

In addition to the potential benefits to the litigants, the inclusion of the court's reasoning is necessary from a societal standpoint, in order to assure the public that judicial decision-making is reasoned rather than arbitrary.

In the absence of any explanation from the motion court, we briefly provide the facts and our reasoning on this appeal.

This personal injury action arises out of a construction accident in which plaintiff fell from a scaffold at 2301 Merrick Road, Merrick, New York, in Nassau County. Defendant L.O. Realty is the owner of the property and defendant C. Raimondo & Son Construction Co. (Raimondo) was the general contractor. Plaintiff placed venue for the action in New York County on the ground that New York County was the principal place of business of Raimondo on the date of the accident.

In the underlying motion pursuant to CPLR 510 and 511, Raimondo sought to transfer venue from New York County to Nassau County on the ground that Raimondo did not have its principal place of business in New York County. It offered in support two documents: (1) a copy of its 1965 Application for Certificate of Authority, which stated that Raimondo was

incorporated in the State of New Jersey, indicated that its office would be located in New York County, and provided a Manhattan address for service of process against the corporation; and (2) a Certificate of Change of Application for Authority dated October 29, 1992, which stated that the company's jurisdiction of incorporation is New Jersey, that it was authorized to do business in New York as of October 22, 1965, and that its address for service of process was changed to an address in Fort Lee, New Jersey. The supporting affidavit of Raimondo's Vice President and Corporate Counsel asserted that the corporation was, as of October 29, 1992, a resident of the State of New Jersey with its principal place of business in Fort Lee, New Jersey.

The court granted the motion to change venue without explanation. We now reverse.

"For venue purposes a foreign corporation's designation of the location of its office in its statement filed with the Secretary of State constitutes a designation of its residence for venue purposes under CPLR 503 (subd [c])" (*Kochany v Chrysler Corp.*, 67 AD2d 637). Defendant's initial designation in its certificate to do business in New York, in which it named New York County as the location of its office in New York State, was not altered by the change of authority it filed in 1992. The Certificate of Change of Application for Authority merely changed the post office address to which process was to be forwarded by New York's Secretary of State; it contained nothing changing the designation of New York County as Raimondo's place of business in this State. The change of designation of post office address for the forwarding of process from the Secretary of State is not the same as amending a foreign corporation's designation of its principal place of business within the State of New York (*see*, Business Corporation Law § 1309-A [c]).

Therefore, plaintiff's designation of New York County as the venue for trial was proper (CPLR 509), inasmuch as it was "the county in which one of the parties resided when [the action] was commenced" (CPLR 503 [a]). "[A] foreign corporation authorized to transact business in the state, shall be deemed a resident of the county in which its principal office is located" (CPLR 503 [c]). Consequently, it was error to remove venue from New York to Nassau County.

Accordingly, the order of the Supreme Court, New York County (Richard Lowe, III, J.), entered on or about January 12, 2001, which granted defendants' motion for a change of

venue, should be reversed, on the law, without costs, and the motion denied.

SULLIVAN, P. J., ANDRIAS, WALLACH, SAXE and MARLOW, JJ., concur.

Order, Supreme Court, New York County, entered on or about January 12, 2001, reversed, on the law, without costs, and the motion for change of venue denied.