■ PATRICIA JOHANSON, Individually and as Administratrix of the Estate of THOMAS GREGORY HARRISON, Deceased, Respondent, v J.B. HUNT TRANSPORT, INC., et al., Appellants, et al., Defendant. [790 NYS2d 17]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered November 7, 2003, which, in an action for personal injuries, wrongful death and products liability arising out of a car accident, inter alia, denied defendants-appellants' motions to change venue from New York County to Schuyler County, unanimously affirmed, without costs.

Plaintiff alleges that a minivan collided with her vehicle after skidding on diesel fuel leaked by a tractor trailer operated, owned and/or manufactured by defendants-appellants. Pertinent to venue, the accident occurred in Vermont, plaintiff is a resident of Maryland, the driver of the tractor trailer is a resident of Schuyler County, the driver of the minivan is a resident of Dutchess County, and the owner of the tractor trailer and the manufacturer defendants are business entities that were formed under the laws of other states and do not maintain actual offices in New York, but are registered with the New York Department of State as foreign corporations or limited liability companies authorized to do business in New York. Pursuant to either Business Corporation Law § 1304 (a) (5) or Limited Liability Company Law § 802 (a) (3), the latter defendants, in their applications for authority to do business in New York, each listed New York County as the county in New York State in which its office "is to be located." Plaintiff placed venue in New York County in accordance with the well-established rule that a foreign corporation's designation of the location of its office in its statement filed with the Secretary of State constitutes a designation of its residence for venue purposes under CPLR 503 (c) (*Nadle v L.O. Realty Corp.*, 286 AD2d 130, 132 [2001]).

Defendants concede the applicability of this rule, but seek to overturn it. They argue that the rule is the result of an unwarranted and illogical "stitching together" of CPLR 503 (c), which deems a corporation to be "a resident of the county in which its principal office is located," and Business Corporation Law § 102 (a) (10), which defines a foreign corporation's "office" as "the office the location of which is stated in . . . [its] application for authority" regardless of whether any actual business activities are conducted there, and that the rule is "archaic" and "nonsensical" and often results, as here, in a venue that has no connection to the litigation. Defendants also assert that they designated New York County as the location of their offices only because it happened to be the location of the registered agent in New York that they designated for service of process (Business Corporation Law § 1304 [a] [7]; Limited Liability Company Law

§ 802 [a] [5]), and that the handbook for filing an application for authority lists only the counties surrounding New York City, with New York County first, and provides no notice to a filing corporation that its designation has a bearing on where it must litigate lawsuits.

We adhere to the challenged rule. It effectively implements the policy behind CPLR article 5 that, in a transitory action, venue should be a matter of the plaintiff's choice, limited only by the parties' counties of residence should there be any (CPLR 503 [a]), and the ends of justice (CPLR 510 [2], [3]). We would add that the action, as a practical matter, has no more substantive connection to Schuyler County than to New York County. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Catterson, JJ.