■ LESTER JOB, Appellant, v SUBARU LEASING CORP. et al., Respondents. [817 NYS2d 9]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered November 21, 2005, which, in an action for personal injuries sustained by plaintiff in Westchester County when he was allegedly struck by a car driven by the individual defendant and owned by the corporate defendant (Subaru Leasing), granted defendants' motion to change venue to Westchester County, unanimously reversed, on the law, without costs, and the motion denied.

To the extent defendants argue that a foreign corporation's designation of a county as its principal place of business in its application for authority to do business filed with the Secretary of State, is, or should be, an insufficient basis, by itself, for choosing that county as the venue of an action, recent precedent of this Court squarely rejects the argument (*Johanson v J.B. Hunt Transp., Inc.*, 15 AD3d 268 [2005]; *see also Marko v Culinary Inst. of Am.*, 245 AD2d 212 [1997]). Accordingly, there being no dispute that Subaru Leasing's filing with the Secretary of State designated New York County as its principal place of business in New York State, it does not avail defendants to argue that, in fact, Subaru maintains no office in New York County. *Cruz v Kodis* (241 AD2d 338 [1997]) and *Aguanno v Kostopoulos* (2 AD3d 177 [2003]), cited by defendants, merely hold that a showing of witness convenience can override a plaintiff's choice of proper venue based on a corporation's designated place of business. Insofar as defendants seek a change of venue to Westchester County on the ground of witness convenience, their initial moving papers were deficient in not setting forth, inter alia, the names of witnesses who would be willing to testify, the nature and materiality of their anticipated testimony and the manner in which they would be inconvenienced by a trial in New York County (*see Marko*, 245 AD2d 212 [1997], *supra*). Defendants' attempt to cure these deficiencies in their reply papers improperly raised new facts not responsive to the opposition papers, and should not be considered (*see id.*). In any event, the inconvenience of the one material liability witness identified in defendants' reply papers

was not convincingly established. Concur—Buckley, P.J., Andrias, Nardelli, Sweeny and McGuire, JJ.