■ Rajmohan Shetty et al., Appellants, v Volvo Cars of North America, LLC, et al., Respondents. [830 NYS2d 554]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered May 12, 2006, which granted the motion of defendant Volvo Cars of North America (Volvo Cars) for a change of venue to Nassau County pursuant to CPLR 510 (1), unanimously reversed, on the law, without costs, the motion denied, the transfer order vacated, and plaintiffs' cross motion to retain venue in New York County granted.

A foreign corporation's designation of the location of its office in a statement filed with the Secretary of State constitutes a

designation of its residence for venue purposes under CPLR 503 (c) (*Nadle v L.O. Realty Corp.*, 286 AD2d 130, 132 [2001]; *see also Johanson v J.B. Hunt Transp., Inc.*, 15 AD3d 268, 269 [2005]). Defendant Volvo Cars has so designated New York County, and its argument that it has never actually maintained an office in New York County is one that has been rejected by this Court (*id.*; *see also Job v Subaru Leasing Corp.*, 30 AD3d 159 [2006]). Furthermore, even if Volvo had made its motion pursuant to CPLR 510 (3), there is no evidence that the convenience of material witnesses and the ends of justice would best be served if venue were transferred to Nassau County, the county where defendant car dealer Long Island Auto Group maintains its principal place of business. Plaintiffs reside and the accident occurred in Richmond County and Volvo Cars' claimed principal place of business is Rockleigh, New Jersey. Concur—Tom, J.P., Sullivan, Nardelli, Gonzalez and Malone, JJ.