JOSHUA EVAN MARGOLIS, Appellant, v UNITED PARCEL SERVICE, INC., et al., Respondents. [870 NYS2d 252]—

In this personal injury action involving a vehicular accident in Nassau County, plaintiff properly placed venue in New York County based on the location in that county of the corporate defendant's principal office (*see* CPLR 503 [c]). In seeking a

discretionary change of venue pursuant to CPLR 510 (3), defendants failed to show that material nonparty witnesses would be inconvenienced by testifying in New York County instead of Nassau (*see Martinez v Dutchess Landaq, Inc.*, 301 AD2d 424 [2003]). There was no evidence presented that any witness would be inconvenienced by testifying in New York County. Furthermore, one witness cited by defendants was defendant Ciaccio, who is both a party and an employee of the corporate defendant, and another was an employee of the corporate defendant who was not a witness to the accident. Defendants did not identify the remaining police and medical witnesses, did not explain the materiality of their testimony, and did not set forth their willingness to testify or whether they had even been contacted. Concur—Mazzarelli, J.P., Gonzalez, Catterson, McGuire and Acosta, JJ.