OPINION OF THE COURT
Per Curiam.
Judgment entered on or about July 26, 2010, reversed, without costs, and new trial ordered.
The slender (eight-page) record developed at the trial of this plenary action to recover rent arrears allegedly owed by defendant tenant does not permit meaningful appellate review of the issues presented, including the date defendant surrendered possession of the residential apartment and whether any rent impairing conditions existed in the apartment during defendant’s occupancy. With respect to the former, the brief testimony offered by plaintiff’s property manager is capable of an interpretation that defendant vacated the premises as early as September 2005, evidence at odds with the allegations set forth in the complaint and the verdict reached below. The trial court’s cryptic decision — reflecting nothing more than the court’s view that “plaintiff has established its prima facie case” — provides little insight into the court’s reasoning in connection with this troubling aspect of the evidence or its resolution of what should have been a straightforward case.
Given the unsatisfactory state of the record, we are constrained to remand the matter for a new trial and issuance of a decision in conformity with the specificity requirements of CPLR 4213 (b). In so doing, we remind the trial bench that its statutory obligation to articulate the reasoning underlying a ruling stems not from trifling or technical concerns, but serves to assure the parties that the case was fully considered in accordance with the facts and law, facilitate informed appellate review and, perhaps most importantly, promote the public’s perception “that judicial decisionmaking is reasoned rather than arbitrary” (Nadle v L.O. Realty Corp., 286 AD2d 130, 131 [2001]).
Hunter, Jr., J.P., Shulman and Torres, JJ., concur.