■ Yani Crucen, Respondent, v Pepsi-Cola Bottling Company of New York, Inc., Appellant. [30 NYS3d 554]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered May 18, 2015, which, in this action for personal injuries, denied defendant's motion to change venue from Bronx County to Westchester County pursuant to CPLR 510 (1), unanimously reversed, on the law, without costs, and the motion granted.

In support of its motion, defendant, a foreign corporation, submitted a certified copy of its application for authority to do business filed with the Secretary of State in which it stated that its principal place of business "is to be located" in New York County. Defendant's designation of New York County as its principal place of business in the application for authority is controlling for venue purposes (*see Johanson v J.B. Hunt Transp., Inc.*, 15 AD3d 268 [1st Dept 2005]; *Kochany v Chrysler Corp.*, 67 AD2d 637 [1st Dept 1979]; CPLR 503 [c]). Contrary to plaintiff's arguments, even if defendant does not actually have an office in New York County, and although it has notified the Department of State to forward process to an address in Bronx County, the designation made by defendant in its application for authority still controls for venue purposes (*see Job v Subaru Leasing Corp.*, 30 AD3d 159 [1st Dept 2006]; *Nadle v L.O. Realty Corp.*, 286 AD2d 130 [1st Dept 2001]).

Defendant's choice of Westchester County, where plaintiff resides and where the accident took place, as the place for trial is proper. Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.