Stolz, J. at sentencing), rendered February 21, 2013, unanimously affirmed.

Application by defendant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1st Dept 1976]). We have reviewed this record and agree with defendant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Friedman, J.P., Richter, Moskowitz and Gesmer, JJ.

■ James J. Thomas, Appellant, v Kane Construction Group Inc. et al., Respondents, et al., Defendants. [60 NYS3d 672]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 28, 2017, which granted the motion of defendants Kane Construction Group Inc. and Southport 2013 LLC to change venue from New York County to Suffolk County, unanimously reversed, on the law, without costs, and the motion denied.

In seeking a change of venue to Suffolk County for the convenience of material witnesses (CPLR 510 [3]), defendants' initial moving papers were deficient in not setting forth, inter alia, the names and addresses of witnesses who would be willing to testify, the nature and materiality of their anticipated testimony, and the manner in which they would be inconvenienced by a trial in New York County (*see Job v Subaru Leasing Corp.*, 30 AD3d 159 [1st Dept 2006]). Defendants' attempt to cure these deficiencies in their reply papers improperly raised new facts that were not responsive to plaintiff's opposition, and should not be considered (*id.*; *Marko v Culinary Inst. of Am.*, 245 AD2d 212 [1st Dept 1997]). In any event, the inconvenience of the two material witnesses identified in defendants' reply papers was not convincingly established, or sufficient to warrant the transfer of venue (*see e.g. Gissen v Boy*

*Scouts of Am.*, 26 AD3d 289, 291 [1st Dept 2006]). Concur—Friedman, J.P., Richter, Moskowitz and Gesmer, JJ.