Sultana v St. Elizabeth Med. Ctr. (2020 NY Slip Op 05873)





Sultana v St. Elizabeth Med. Ctr.


2020 NY Slip Op 05873


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Acosta, P.J., Mazzarelli, Moulton, González, JJ. 


Index No. 805233/19 Appeal No. 12134N Case No. 2020-00698 

[*1]Farzana Sultana, etc., et al., Plaintiffs-Respondents,
v
St. Elizabeth Medical Center, et al., Defendant-Appellants, MVHS Medical Group, et al., Defendants.


Napierski, Vandenburgh, Napierski & O'Connor, LLP, Albany (Christine M. Napierski of counsel), for appellants.
The Law Offices of Eric Richman, New York (Natascia Ayers of counsel), for respondents.



Order, Supreme Court, New York (Eileen A. Rakower, J.), entered January 14, 2020, which denied defendants' motion to change venue from New York County to Oneida County, unanimously affirmed, without costs.
Plaintiffs commenced this medical malpractice action in New York County, alleging that one of the defendants, Emergency Physician Services of New York (EPSNY), designated New York County as its principal office in its certificate of incorporation. Defendants moved to change the venue, arguing that EPSNY's most recent biennial statements, submitted in accordance with Business Corporations Law § 408, reflected its current corporate residence as Woodbury, New Jersey.
Plaintiffs properly commenced this action in New York County, as the designation of New York County in EPSNY's papers filed with the Secretary of State "control[led] for venue purposes, even if it [did] not actually have an office in New York County" (Janis v Janson Supermarkets LLC, 161 AD3d 480, 480 [1st Dept 2018]; see also Shetty v Volvo Cars of N. Am., LLC, 38 AD3d 202, 203 [1st Dept 2007]; Job v Subaru Leasing Corp., 30 AD3d 159, 159 [1st Dept 2006]). The "principal executive office" noted in a corporation's biennial statement does not determine corporate residence for venue purposes, since it is not contained in either a certificate of incorporation or an amended certificate (see Villalba v Brady, 162 AD3d 533, 533 [1st Dept 2018]). Thus, plaintiffs properly selected New York County as the venue for this action (see Martirano v Golden Wood Floors Inc., 137 AD3d 612, 613 [1st Dept 2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020