Marte v Lampert (2023 NY Slip Op 00375)

Marte v Lampert

2023 NY Slip Op 00375

Decided on January 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 26, 2023

Before: Friedman, J.P., Moulton, Kennedy, Pitt-Burke, JJ., 

Index No. 155531/21 Appeal No. 17195 Case No. 2022-03246 

[*1]Dileisy Marte Marte, Plaintiff-Appellant,
v
David Harris Lampert et al., Defendants-Respondents.

Bornstein & Emanuel, P.C., Garden City (Shane Bornstein of counsel), for appellant.
Law Office of Brian Rayhill, New York (Jennifer L. Coviello of counsel), for respondents.

Order, Supreme Court, New York County (James G. Clynes, J.), entered March 31, 2022, which granted defendants' motion to change venue to Nassau County, unanimously reversed, on the law, without costs, and the motion denied.
Supreme Court improvidently exercised its discretion in granting defendants' motion to change venue. Plaintiff properly placed venue in New York County based upon the corporate defendant's initial certificate of incorporation designating New York County as the location of its principal office although the company has no office there (see CPLR 503 [c]; Sultana v St. Elizabeth Med. Ctr., 187 AD3d 590, 591 [1st Dept 2020]; Janis v Janson Supermarkets LLC, 161 AD3d 480 [1st Dept 2018]).
While defendants annexed to their moving papers the police report for the subject motor vehicle accident indicating that defendants' vehicle was registered to a Nassau County address on the day of the accident and an affidavit from the corporate defendant's Vice President averring that its office was in Nassau County when the action was commenced, the corporate residence designated in the initial certificate of incorporation controls for venue purposes (see Villalba v Brady, 162 AD3d 533 [1st Dept 2018]). There was no evidence of an amended certificate of incorporation that changed the principal place of business to Nassau County.
The general rule is that a transitory action, such as the subject motor vehicle accident, when other things are equal, should be tried in the county where the cause of action arose (see Slavin v Whispell, 5 AD2d 296, 297-298 [1st Dept 1958]). This rule, however, is predicated on the convenience of material nonparty witnesses who are to be present at trial (see Iassinski v Vassiliev, 220 AD2d 372 [1st Dept 1995]; Clinton v Griffin, 176 AD2d 501, 502 [1st Dept 1991]; Boriskin v Long Is. Jewish-Hillside Med. Ctr., S. Shore Div., 85 AD2d 523 [1st Dept 1981]). While the situs of the accident provides a basis to change venue to Nassau County, defendants failed to sustain their burden, as the party moving for a discretionary change of venue pursuant to CPLR 510 (3), that there are material witnesses who would be inconvenienced by a trial in New York County (see Manzari v Burrows, 89 AD3d 440 [1st Dept 2011]; Margolis v United Parcel Serv., Inc., 57 AD3d 371, 372 [1st Dept 2008]; Krochta v On Time Delivery Serv., Inc., 62 AD3d 579, 580-581 [1st Dept 2009]; Heinemann v Grunfeld, 224 AD2d 204 [1st Dept 1996]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2023