Prechtl v Trane U.S., Inc. (2023 NY Slip Op 00935)

Prechtl v Trane U.S., Inc.

2023 NY Slip Op 00935

Decided on February 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 16, 2023

Before: Renwick, J.P., Oing, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 159325/21 Appeal No. 17357 Case No. 2022-02285 

[*1]Thomas Prechtl, Plaintiff-Respondent,
v
Trane U.S., Inc., Defendant-Appellant.

Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly of counsel), for appellant.
Block O'Toole & Murphy LLP, New York (David L. Scher of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered May 18, 2022, which denied defendant's motion to change venue to Delaware County, unanimously affirmed, without costs.
Defendant failed to show its entitlement to a discretionary change of venue under CPLR 510(3). Even if defendant does not actually have an office in New York County, plaintiff properly placed venue in New York County based on defendant's application for authorization to conduct business, filed in 1939 and designating New York County as the location of its principal office under CPLR 503(c) (see Marte v Lampert, AD3d, 2023 NY Slip Op 00375 [1st Dept 2023]; Janis v Janson Supermarkets LLC, 161 AD3d 480, 480 [1st Dept 2018]; Crucen v Pepsi-Cola Bottling Co. of N.Y., Inc., 139 AD3d 538, 539 [1st Dept 2016]).
It is of no moment that defendant annexed to its moving papers an affidavit from its associate general counsel averring that about six months before the accident, it filed a biennial statement with the New York Department of State, asserting that defendant's "registered agent in New York" was located in Albany. In fact, defendant cannot change its residence without changing the designation in its application for authority, and without any indication that the 1939 application was amended, the designation in that application controls (see Marko v Culinary Inst. of Am., 245 AD2d 212, 212 [1st Dept 1997]; Kochany v Chrysler Corp., 67 AD2d 637, 637-638 [1st Dept 1979]).
Furthermore, defendant failed to sustain its burden under CPLR 510(3) of identifying any material nonparty witnesses who would be inconvenienced by a trial in New York County rather than Delaware County (see Manzari v Burrows, 89 AD3d 440, 440 [1st Dept 2011]; Margolis v United Parcel Serv., Inc., 57 AD3d 371, 372 [1st Dept 2008]). Indeed, notably lacking is any evidence that defendant contacted the witness to determine whether they are willing to testify on material matters and would be inconvenienced by having to do so in New York County (see Rodriguez-Lebron v Sunoco, Inc., 18 AD3d 275, 276 [1st Dept 2005]; Martinez v Dutchess Landaq, Inc., 301 AD2d 424, 426 [1st Dept 2003]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2023