| |
|---|
| **North E. Data LLC v Niagara Mohawk Power Corp.** |
| 2024 NY Slip Op 31680(U) |
| May 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651715/2023 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. LOUIS L. NOCK</u>      PART      38M

*Justice*

---------------------------------------------------------------------------------X

NORTH EAST DATA LLC and BLOCKFUSION USA, INC,

           Plaintiffs,

         - v -

NIAGARA MOHAWK POWER CORP. d/b/a NATIONAL GRID, ARCH SPECIALTY INSURANCE COMPANY, and ALLIANT INSURANCE SERVICES INC.,

           Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651715/2023 |
| MOTION DATE | 06/23/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, and 55

were read on this motion for      <u>CHANGE OF VENUE</u>.

LOUIS L. NOCK, J.S.C.

This action arises out of a fire at the premises of plaintiffs, who are respectively landlord and tenant thereof, located at 5380 Frontier Avenue, Niagara Falls, New York. Before the court is the motion by defendant Niagara Mohawk Power Corp. ("Niagara"), pursuant to CPLR 510 and 511, to change the venue of this action from New York County, as selected by plaintiffs, to Niagara County. Upon the foregoing documents, the motion is granted, for the reasons set forth in the moving and reply papers (NYSCEF Doc. Nos. 21, 39, 53-55) and the exhibits attached thereto, in which the court concurs, as summarized herein.

CPLR 503 provides that venue shall be "in the county in which one of the parties resided when it was commenced" (CPLR 503 [a]). A motion to change venue on the grounds that plaintiff has selected an improper venue (CPLR 510 [1]) may be made within 15 days of service of a demand to change venue on plaintiff (CPLR 511 [b]), which demand must be served with or

**651715/2023 NORTH EAST DATA LLC., ET AL vs. NIAGRA MOHAWK POWER CORP. D/B/A NATIONAL GRID, ET AL**
**Motion No. 001**      **Page 1 of 5**

1 of 5

[* 1]

before service of the answer (CPLR 511 [a]).  If defendant has followed the demand procedure and timely served the motion, and plaintiff has designated an improper venue, then the motion should be granted (*Llorca v Manzo*, 254 AD2d 396, 397 [2d Dept 1998]).  Thus defendant, having timely moved, need only establish that plaintiff's choice is improper (*Garced v Clinton Arms Assocs.*, 58 AD3d 506, 509 [1st Dept 2009]).  Here, Niagara served the demand for change of venue in conjunction with its answer to the amended complaint (NYSCEF Doc. Nos. 12, 13) on Jun 8, 2023, and moved to change venue on June 23, 2023, 15 days thereafter.  The motion is timely, and Niagara need only establish that plaintiffs improperly selected New York County as the venue for this action.

CPLR 503(c) provides that "[a] domestic corporation, or a foreign corporation authorized to transact business in the state, shall be deemed a resident of the county in which its principal office is located."  Where a foreign entity designates a principal office location in its application to conduct business within the state, that designation is controlling (*Janis v Janson Supermarkets LLC*, 161 AD3d 480 [1st Dept 2018]).  Here, both plaintiffs are Delaware corporations (amended complaint, NYSCEF Doc. No. 6, ¶¶ 1-2).  Niagara submits uncontroverted copies of plaintiffs' respective applications to conduct business in New York State, each of which designate Niagara County as the location of each plaintiff's office within New York State (applications for authority, NYSCEF Doc. No. 25).  For venue purposes, plaintiffs are located not in New York County, but in Niagara County.

Plaintiffs, joined by defendant Arch Specialty Insurance Company ("Arch"), argue that New York County is a proper venue based on plaintiffs' offices located there, citing *Weiss v Saks Fifth Ave.* (157 AD2d 475 [1st Dept 1990]) in support of this argument.  In *Weiss*, the Appellate Division, First Department, reversed the transfer of an action from New York County to

**651715/2023   NORTH EAST DATA LLC., ET AL vs. NIAGRA MOHAWK POWER CORP. D/B/A NATIONAL GRID, ET AL**
**Motion No.  001**

**Page 2 of 5**

2 of 5

Westchester County on the grounds that while the accident had taken place in Westchester County, and the defendant asserted it was a resident of Westchester County (the location of its "principal office"), New York County was designated as the defendant's "principal place of business" on its certificate of assumed name, and "principal office" and "principal place of business" are interchangeable (*Weiss*, 157 AD2d at 476). To the extent that *Weiss* suggests that the court may consider other designations beyond the county named in the application to conduct business, it ought not control the within analysis for two reasons. First, it is distinguishable, as the defendant in *Weiss* was a domestic corporation, rather than a foreign corporation. Second, this court observes that the *Weiss* decision has not been cited by the Appellate Division, First Department since 1991, other than in one dissenting opinion in 2007 (*Discolo v River Gas & Wash Corp.*, 41 AD3d 126 [1st Dept 2007] [dissent]). By contrast, the Appellate Division, First Department, has, since *Weiss*, generally adhered to the rule that the choice of county on the application to conduct business is controlling (*see, Janis*, *supra*; *Crucen v Pepsi-Cola Bottling Co. of New York, Inc.*, 139 AD3d 538, 539 [1st Dept 2016]; *Shetty v Volvo Cars of N. Am., LLC*, 38 AD3d 202, 202-03 [1st Dept 2007]).

For these reasons, Niagara has met its burden of establishing that plaintiffs' choice of venue was improper, as no party to this case is a resident of New York County (*Llorca*, 254 AD2d at 397). Plaintiffs concede that Niagara County is a proper venue for this action (Jacob affirmation, NYSCEF Doc. No. 45, ¶ 8). As plaintiffs' choice of an improper venue is a sufficient independent basis to grant the motion, the court declines to consider whether a transfer of venue is also warranted because "the convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510 [3]).

**651715/2023   NORTH EAST DATA LLC., ET AL vs. NIAGRA MOHAWK POWER CORP. D/B/A NATIONAL GRID, ET AL**
**Motion No.  001**

**Page 3 of 5**

[* 3]

3 of 5

Accordingly, it is hereby

ORDERED that the motion for a change of venue is granted and venue of this action is changed from this Court to the Supreme Court, Niagara County; and it is further

ORDERED that the Clerk of this Court shall transfer the file in this action to the Clerk of the Supreme Court, Niagara County, and shall mark his records to reflect such transfer; and it is further

ORDERED that, within 30 days from entry of this order, counsel for movant shall serve a copy of this order with notice of entry upon the Clerk of this Court, shall pay the appropriate transfer fee, if any, and shall contact the staff of the Clerk of this Court and cooperate in effectuating the transfer; and it is further

ORDERED that the Clerk of the Court shall coordinate the transfer of the file in this action with the Clerk of the Supreme Court, Niagara County, so as to ensure an efficient transfer and minimize insofar as practical the reproduction of documents, including with regard to any documents that may be in digital format; and it is further

ORDERED that such service upon the Clerk of this Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

**651715/2023   NORTH EAST DATA LLC., ET AL vs. NIAGRA MOHAWK POWER CORP. D/B/A NATIONAL GRID, ET AL**
**Motion No.  001**

**Page 4 of 5**

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| **5/13/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **LOUIS L. NOCK, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**651715/2023   NORTH EAST DATA LLC., ET AL vs. NIAGRA MOHAWK POWER CORP. D/B/A          Page 5 of 5
NATIONAL GRID, ET AL
Motion No.  001**

[* 5]